IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMIEN GUEDES,** *et al.,*           : | |
| : | |
| **Plaintiffs**           : | |
| v.           : | Civil Action No. 1:18-cv-2988 |
| : | |
| **BUREAU OF ALCOHOL, TOBACCO,**   : | |
| **FIREARMS AND EXPLOSIVES,** *et al.*     : | |
| : | |
| **Defendants**           : | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR
MOTION TO LIFT STAY OF PROCEEDINGS**

# TABLE OF CONTENTS

I.    Introduction .......................................................................................................................... 1

II.   Statement of Facts ................................................................................................................ 1

III.  Argument .............................................................................................................................. 3

   a. A Stay of Proceedings Absent a Stay of the Effective Date of the Regulation Unduly
      Prejudices the Plaintiffs and Others Similarly Situated ..................................................... 3

      i.    Government Shutdown ............................................................................................... 3

      ii.   DOJ FY 2019 Contingency Plan ................................................................................ 4

      iii.  Other Federal Courts Have Ordered Proceedings to Continue .............................. 5

            1.    **District of Columbia** .................................................................................... 6

            2.    **Eastern District of New York** ...................................................................... 6

      iv.   *The Government Is Prepared To Proceed Pursuant To The Agreed Upon
            Expedited Manner If The Stay Is Lifted* ................................................................... 6

IV.   Conclusion ............................................................................................................................ 7

Plaintiffs Damien Guedes (hereinafter "Mr. Guedes"), Shane Roden (hereinafter "Mr. Roden" or "The Honorable Shane Roden"), Firearms Policy Foundation (hereinafter "FPF"), Madison Society Foundation, Inc. (hereinafter "MSF"), and Florida Carry, Inc. (hereinafter "Florida Carry") or collectively "Plaintiffs," by and through their counsel, hereby submits this Memorandum of Points and Authorities in Support of their Motion to Lift Stay of Proceedings.

I.      Introduction

Plaintiffs have filed suit, complaining, *inter alia*, that the Defendants have implemented a new rule in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 500, *et seq*., and in excess of the scope in which ATF may define a term previously defined by the Congress.

However, pursuant to the Defendants' Motion to Stay Proceedings in Light of Lapse of Appropriations, this Honorable Court Ordered a stay in the proceedings.

II.     Statement of Facts

On December 18, 2018, Attorney General Matthew Whitaker executed the Final Rule; thereby, making effective the Final Rule, RIN 1140-AA52, Docket No 2018R-22F. The Final Rule, executed by Attorney General Whitaker, was published and otherwise made available online at https://www.justice.gov/opa/pr/department-justice-announces-bump-stock-type-devices-final-rule [1] and www.atf.gov/rules-and-regulations/bump-stocks [2] [3] on December 18, 2018. This action immediately followed.

---

[1] On DOJ's website, it declares: "Today, Acting Attorney General Matthew Whitaker announced that the Department of Justice has amended the regulations of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), clarifying that bump stocks fall within the definition of "machinegun" under federal law, as such devices allow a shooter of a semiautomatic firearm to initiate a continuous firing cycle with a single pull of the trigger."

1

On December 19, 2018, Attorney Joshua Prince (hereinafter "Attorney Prince") spoke with Department of Justice Attorney Eric Soskin (hereinafter "Attorney Soskin") regarding an expedited schedule for the preliminary injunction. In their conversations, Attorney Prince inquired of Attorney Soskin whether his clients would be agreeable to a stay of the implementation and enforcement of the regulation at issue in this matter during the pendency of the litigation, which would moot the preliminary injunction request. Attorney Soskin responded that he would inquire of his clients and that if Plaintiffs would agree to a three (3) business day extension to the Defendants' responsive briefing deadline, he would likely be able to obtain a decision from his clients. Attorney Prince agreed to the extension.

As a result, on December 19, 2018, Attorney Soskin filed a Stipulation of Extension of Briefing Schedule for Plaintiffs' Motion for Preliminary Injunction (Doc. 4). The stipulation extended the brief schedule by a period of three (3) business days. On December 21, 2018, this Honorable Court entered a Minute Order on the docket granting the stipulated extension and ordering a hearing be held on the Preliminary Injunction on January 11, 2019 at 10:00 AM. On December 22, 2018, due to a lack of appropriations, the Government shutdown and furloughed individuals it deemed "nonessential".

Despite the "government shutdown", on the morning of December 26, 2018, the Federal Register was published with the regulation at issue in this matter. [4] Of note, the challenged

---

[2] On ATF's website, it specifies: "On December 18, 2018, Acting Attorney General Matthew Whitaker announced that the Department of Justice has amended the regulations of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), clarifying that bump stocks fall within the definition of "machinegun" under federal law, as such devices allow a shooter of a semiautomatic firearm to initiate a continuous firing cycle with a single pull of the trigger."

[3] The link to download the Final Rule on both DOJ's and ATF's websites is www.justice.gov/opa/press-release/file/1120876/download.

[4] *See* https://www.govinfo.gov/content/pkg/FR-2018-12-26/pdf/2018-27763.pdf.

regulation's 90-day clock until it becomes effective began to tick.[5] That same day, Attorney Soskin filed a Motion to Stay Proceedings in Light of Lapse of Appropriations. The Plaintiffs did not take a position on the Defendants' Motion as it was believed that the Parties would be able to come to a resolution – a stay of implementation and enforcement of the regulation – which would render any need for a Preliminary Injunction moot. It was also believed, based on past practices of this Court to deny even consented-to motions for appropriations-lapse related relief, that the stay in this matter would be denied. On December 27, 2018, this Honorable Court entered a Minute Order granting the Defendants' Motion to Stay Proceedings in Light of Lapse of Appropriations.

On December 28, 2018, Attorney Prince and the undersigned conferred with Attorney Soskin and were informed that the Defendants would not agree to a stay of the implementation and enforcement of the regulation.

As a result, this Motion to Lift the Stay of Proceedings followed.

**III.    Argument**

      a.  <u>A Stay of Proceedings Absent a Stay of the Effective Date of the Regulation Unduly Prejudices the Plaintiffs and Others Similarly Situated</u>

          i.  *Government Shutdown*

On December 22, 2018, the Government furloughed a number of employees, including Department of Justice (hereinafter "DOJ") Attorneys due to a lapse in appropriations. As recounted in the Defendants' Motion to Stay Proceedings in Light of Lapse of Appropriations (Doc. 7) "The Department does not know when funding will be restored by Congress." In

---

[5] *See* https://www.govinfo.gov/content/pkg/FR-2018-12-26/pdf/2018-27763.pdf at 1 ("This rule is effective March 26, 2019"). 83 Fed. Reg. 66514.

essence, there is no known time period for how long the shutdown may last. Moreover, the Federal Judiciary only has the funds to continue operations for approximately three (3) weeks due to the lapse in appropriations. [6]

Further, while the Plaintiffs' originally did not take a position on the Defendants' Motion because it was believed that this Court was unlikely to grant the motion and even if it did, the "government shutdown" would, at most, only last several days, comments made by President Trump suggest that this may be a substantially prolonged event. "President Donald Trump and his close allies" increasingly "see an upside in forcing likely incoming Speaker Nancy Pelosi to have to spend the first days, if not weeks, of the next Congress engaged in an argument over border wall funding." *See* Same Stein & Asawin Suebsaeng, *Team Trump Gleeful That Shutdown Will Hijack Pelosi's Big Moment*, Daily Beast (Dec. 28, 2018) [7]; *see also* Ellie Kaufman & Paul P. Murphy, *Federal Employees Prepare for a Long Shutdown*, CNN (Dec. 28, 2018). [8] "President Donald Trump said on Wednesday he is prepared to wait as long as it takes to get $5 billion from taxpayers for his U.S.-Mexico border wall, a demand that has triggered a partial shutdown of the federal government that is now in its fifth day." [9]

### ii. DOJ FY 2019 Contingency Plan

On September 11, 2018, the DOJ issued its Fiscal Year 2019 Contingency Plan. [10] In particular, the plan allows the DOJ to continue, *inter alia*, activities related to "[t]hose related

---

[6] *See* https://www.uscourts.gov/news/2018/12/22/judiciary-operating-during-shutdown.
[7] *Available at* https://www.thedailybeast.com/team-trump-gleeful-that-shutdown-will-hijack-pelosis-big-moment?ref=home.
[8] *Available at* https://www.cnn.com/2018/12/28/politics/shutdown-second-week/index.html.
[9] *Available at* https://www.thestar.com.my/news/world/2018/12/27/on-shutdown-trump-vows-to-wait-as-long-as-it-takes-for-wall-funding/#Xq0xcULHIRXClSgU.99.
[10] *Available at* https://www.justice.gov/jmd/page/file/1015676/download.

to 'emergencies involving…the protection of property,' i.e., where there is a reasonable likelihood that the … protection of property would be compromised, in some significant degree, by delay in the performance of the function in question." [11]

This instant matter is a perfect example of such an instance. The 90-day clock until the regulation, which effectively eliminates Plaintiffs' and other similarly situated property rights in the bump-stock-type devices, becomes effective is ticking away and as admitted by the Defendants in their Motion, there is no known date that funding *may* be restored. Absent Court intervention prior to the effective date of the regulation, Plaintiffs and other similarly situated will be forced to either surrender or destroy their lawfully owned property. Should this Honorable Court later determine that the regulation was invalid, either of those two scenarios lead to the irreparable harm of the Plaintiffs and those similarly situated.

The Government should not be allowed to benefit from the indefinite delay of litigation in this matter while allowing the 90-day clock to run, when it could have precluded this exact issue by either not publishing the challenged Rule in the Federal Register during the Government shutdown or by having agreed to stay the implementation and enforcement of the Rule.

### iii. Other Federal Courts Have Ordered Proceedings to Continue

This and another Court have recognized the importance that cases continue despite the

---

[11] Counsel also believes, and is attempting to confirm with DOJ, that where a stay is denied or otherwise lifted, the Government attorney becomes deemed an "essential employee" and is paid for all time associated with litigating the matter. Moreover, it has been the past practice of the U.S. Government to pay all employees – even those who do not work during a Government shutdown – once a new appropriations bill is enacted. *See* https://federalnewsnetwork.com/government-shutdown/2018/01/heres-how-a-shutdown-would-affect-your-pay-and-benefits.

5

lack of appropriations from Congress.

### 1. District of Columbia

On December 27, 2018, the Honorable Randolph D. Moss in a Minute Order denied, in part, the Government's Motion to Stay Proceedings. "With respect to Defendants' request to stay current briefing deadlines, the motion is DENIED. Although the Court is mindful of the current lapse in appropriations, where there is 'some reasonable and articulable connection between the function to be performed and the safety of human life or the protection of property,' government functions may continue. 43 Op. Att'y Gen. 293 (January 16, 1981)." [12]

### 2. Eastern District of New York

On December 26, 2018, Chief Judge Dora L. Irizarry issued an Administrative Order [13] stating, *inter alia*, "[t]he dispensing of justice is mandated by the United States Constitution and is essential to our system of government," and that "[t]his Court will continue to hear and decide cases without disruption…"

> iv. The Government Is Prepared To Proceed Pursuant To The Agreed Upon Expedited Manner If The Stay Is Lifted

As discussed *supra*, Attorney Prince and the undersigned conferred with Attorney Soskin on December 28, 2018 regarding this matter, including Plaintiffs intent to file this Motion.

---

[12] *See* O.A., *et al*. v. Trump, *et al*., Docket No. 1:18-cv-02718.
[13] *Available at* https://img.nyed.uscourts.gov/files/general-ordes/AdministrativeOrder_2018-07.pdf.

Attorney Soskin relayed to Attorney Prince and the undersigned that if the Court were to overrule Defendants' opposition and lift the stay on or before January 2, 2019, the Defendants would agree, consistent with their prior agreement to a briefing schedule, to proceed in the expedited manner previously agreed upon; whereby, Defendants' Brief in Opposition would be filed on January 7, 2019, Plaintiffs' Reply Brief, if any, would be filed January 10, 2019, and oral argument would take place on the previously scheduled date of January 11, 2019, at 10 AM, which would result in the matter being addressed, before the Judiciary would lack funding to continue operations, in the absence of the Congress enacting a new appropriations bill. [14]

### IV.  Conclusion

As such, Plaintiffs and those similarly situated respectfully requests this Honorable Court lift the stay of proceedings for the reasons set forth above.

Respectfully Submitted,

/s/ Adam Kraut
Adam Kraut, Esq.
D.C. Bar No. PA0080
AKraut@CivilRightsDefenseFirm.com
Joshua Prince, Esq.
D.C. Bar No. PA0081
Joshua@CivilRightsDefenseFirm.com

Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-9297 (t)
(610) 400-8439 (f)
Attorneys for Plaintiffs

---

[14] *See*, U.S. Courts, Judiciary Operating During Shutdown, *available at* https://www.uscourts.gov/news/2018/12/22/judiciary-operating-during-shutdown, declaring "the Judiciary remains open and can continue operations for approximately three weeks, through Jan. 11, 2019."