**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAMIEN GUEDES, *et al.*<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>BUREAU OF ALCOHOL, TOBACCO FIREARMS, AND EXPLOSIVES, *et al.*<br><br>　　　　　　Defendants. | Case No.  1:18-cv-02988-DLF<br>The Hon. Judge Friedrich |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY

Plaintiffs have moved to lift this Court's December 27, 2018 Minute Order.  *See* Motion to Lift Stay, ECF No. 12 ("Mot.").  That Order imposed a stay of all proceedings "until Congress has restored appropriations to the Department of Justice."  *See* Minute Order, *Guedes v. ATF* (Dec. 27, 2018).  For the reasons set forth in Defendants' Motion for a Stay of All Proceedings in Light of Lapse of Appropriations, ECF No. 7 (Dec. 26, 2018), and as further explained below, Defendants oppose lifting the stay.

### A. Congress Has Barred Federal Employees From Working Without Appropriated Funds, and This Case Does Not Fall Into the "Emergency" Category That Congress Has Excepted.

In the Anti-Deficiency Act, Congress issued an explicit directive barring employees of the United States, including the undersigned, from working absent appropriations, even on a voluntary basis, except in "emergencies involving the safety of human life or the protection of property." 31 U.S.C. §§ 1341, 1342 (emphasis added).  Congress made clear that this narrow

exception does not include "ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id*.

Plaintiffs have not demonstrated how a continued stay would, at the present time, *imminently* threaten the safety of human life or the protection of property. It is true that, approximately eighty-five days from now, the Final Rule challenged in this litigation will go into effect, and at such time, Plaintiffs and their members will be required to abandon or destroy the bump-stock-devices that are the subject of the Final Rule. *See* Bump-Stock-Type Devices, 83 FR 66514 (Dec. 26, 2018). This is not the type of "protection of property" that would fit the exception in the Anti-Deficiency Act, however. The United States Government Accountability Office ("GAO") has explained that the exception for property should be understood in the context of property in which the United States has a direct interest. 6 GAO-RB pt. C, s. 3 (G.A.O.), 2006 WL 6179173, at *15-16 (explaining that the Act's exemption for emergencies imminently threatening the protection of property refers to "either government-owned property or property for which the government has some responsibility").[1] To understand the exception differently would defeat the very purpose of the Anti-Deficiency Act, as every litigant asserts an interest or right at stake in his or her lawsuit against the government.

---

[1] Written guidance published by the Department's Office of Legal Counsel has also interpreted the scope of the Anti-Deficiency Act's exemption for "emergencies" narrowly in accordance with congressional intent. *See, e.g*., Gov't Operations in the Event of A Lapse in Appropriations, 1995 WL 17216091, at *7 (O.L.C. Aug. 16, 1995) ("The brief delay of routine maintenance on government vehicles ought not to constitute an "emergency," for example, and yet it is quite possible to conclude that the failure to maintain vehicles properly may "compromise, to some degree" the safety of the human life of the occupants or the protection of the vehicles, which are government property. We believe that the revised articulation clarifies that the emergencies exception applies only to cases of threat to human life or property where the threat can be reasonably said to the near at hand and demanding of immediate response.").

As of today, moreover, there is no indication that harm is "imminent", and even the "substantially prolonged" appropriations lapse about which Plaintiffs speculate, Mot. at 4, would not make it so. This Court previously scheduled (in accordance with the parties' agreement and the Local Civil Rules) a hearing on Plaintiffs' motion to occur promptly, and the same can reasonably be expected after the conclusion of any lapse in appropriations. *See* Minute Order (Dec. 21, 2018); Stipulation of Extension of Briefing Schedule, ECF No. 4 (Dec. 19, 2018) (setting hearing for Jan. 11, 2019). And should the appropriations lapse be "substantially prolonged" as a matter of fact rather than of speculation, Plaintiffs could seek to obtain relief from the stay at that time. At present, however, there is no emergency.

**B. The Precedents Cited By Plaintiffs Do Not Support Lifting the Stay**.

Nor do the precedents that Plaintiffs cite suggest this Court should lift the stay. Judge Moss's Order relies on a 1981 opinion of the Office of Legal Counsel ("OLC"), but fails to acknowledge later OLC opinions describing that this exception had been narrowed by subsequent act of Congress. *See* Minute Order, *O.A., et al. v. Trump, et al.*, Docket No. 1:18-cv-02718 (Dec. 27, 2018). In a 2000 opinion, for example, OLC explained that a "1990 amendment . . . was made to narrow the range of functions that could reasonably be understood to fall within the "emergency" exception, and to avoid the possibility that the 1981 [OLC] opinion might be read to permit the continuance of too broad of an array of government services during a shutdown." *Continuation of Fed. Prisoner Det. Efforts in the Face of A USMS Appropriation Deficiency*, 2000 WL 33155726, at *6 (O.L.C. Apr. 5, 2000). Rather, as OLC had explained in 1995, "the revised articulation clarifies that the emergencies exception applies only to cases of threat to human life or property where the threat can be reasonably said to the near at hand and

demanding of immediate response." *Gov't Operations in the Event of A Lapse in Appropriations*, 1995 WL 17216091, at *7 (O.L.C. Aug. 16, 1995).

Nor does the Order from the United States District Court for the Eastern District of New York address the circumstances posed here, where attorneys of the Department of Justice who represent the parties in a case are subject to the lapse in appropriations, and indeed, that Order specifically recognizes that the Court will only perform activities "that are consistent with the Anti-Deficiency Act."  Administrative Order at 3, ¶ 5, United States District Court for the Eastern District of New York (Dec. 26, 2018), available at: https://img.nyed.uscourts.gov/files/general-ordes/AdministrativeOrder_2018-07.pdf.  That Order therefore provides no precedent to establish that lifting the stay would be proper here.

C. **The Department of Justice's Contingency Plan Also Provides No Basis to Lift the Stay**.

Plaintiffs' reliance on the Department of Justice's FY 2019 Contingency Plan is also misplaced.  Consistent with the Anti-Deficiency Act's requirements, the FY 2019 Contingency Plan delineates the categories of "activities and employees that are excepted from the Anti-Deficiency Act restrictions and may continue during a lapse in appropriations."  *See* FY 2019 Contingency Plan at 3, *available at*: https://www.justice.gov/jmd/page/file/1015676/download. With respect to the Department's Civil Division, the FY 2019 Contingency Plan expressly states that:

> Civil litigation will be curtailed or postponed to the extent that this can be done without compromising to a significant degree the safety of human life or the protection of property. Litigators will continue to approach the courts and request that active cases, except for those in which postponement would compromise to a significant degree the safety of human life or the protection of property, be postponed until funding is available.

*Id.* As set forth therein (and consistent with the requirements of the Anti-Deficiency Act), Civil Division attorneys, including the undersigned, have filed and are filing motions for continuance due to lapse of appropriations in cases around the country where to do so would not compromise to a significant degree the safety of human life or the protection of property. Consistent with this guidance, undersigned counsel has been excepted only for limited purposes, such as continuing to seek stays in ongoing civil matters like the present. Ultimately, the Department's decisions, as set forth in the referenced contingency plan, are based on the Department's interpretation of various appropriations statutes, most importantly the Anti-Deficiency Act, 31 U.S.C. §§ 1341, 1342, which by itself serves as the source of, and limitations on, the actions of the undersigned in this and other matters.

For these reasons, Plaintiffs have not established that this case constitutes the type of "emergency involving the safety of human life or the protection of property" sufficient to exempt the undersigned from the scope of the Anti-Deficiency Act. It is for this reason that the United States respectfully requests that the Court maintain the current stay until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

**D. The Court Should Not Stay the Effective Date of the Rule.**

Plaintiffs suggest that, as an alternative to lifting the stay, the Court should instead enter an injunction staying the effective date of the Final Rule challenged in this litigation. By providing "intermediate relief of the same character as that which may be granted finally," *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945), such an order would amount to a preliminary injunction. This is precisely what Plaintiffs' now-stayed motion seeks, so to grant this "alternative" would be no different than to lift the stay, but without benefit of briefing and argument on the underlying motion. In any event, *this* motion does not establish that the standards for such relief are met, and so a stay of the effective date is not an available alternative.

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis added); *see Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004). An interim injunction is "never awarded as of right," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), and "a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in in the public interest." *Id*. at 20, 24. A plaintiff cannot prevail without some showing on each of those factors. *See id*. at 23-24, 31-32 (holding that "proper consideration of" balance of equities and public interest "alone requires denial of the requested injunctive relief" and thus finding no need to address likelihood of success).

Plaintiffs have not made this showing in the motion to lift the stay. At the appropriate time, when proceedings are not stayed, Defendants will explain that Plaintiffs have also failed to make this showing in their Motion for Preliminary Injunction, ECF No. 2. At present, the grant of such relief absent any effort by Plaintiffs to show in the instant motion that these standards are met would be improper.

Dated: December 31, 2018        Respectfully submitted,

                                              JOSEPH H. HUNT
                                              Assistant Attorney General

                                              JOHN R. TYLER
                                              Assistant Branch Director


                                              /s/_____
                                              ERIC J. SOSKIN (PA Bar #200663)
                                              Senior Trial Counsel

Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW Rm. 12002
Washington, DC 20530
Telephone: (202) 353-0533
Fax: (202) 616-8470
Email: Eric.Soskin@usdoj.gov
*Counsel for Defendants*