UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMIEN GUEDES, *et al.*,

        Plaintiffs,

  v.

BUREAU OF ALCOHOL, TOBACCO
FIREARMS, AND EXPLOSIVES ("ATF"),
        *et al.*

        Defendants.

Case No. 1:18-cv-02988-DLF
Judge Friedrich

FIREARMS POLICY COALITION, Inc.
        Plaintiff,

  v.

MATTHEW WHITAKER,
        *et al.*

        Defendants.

Case No. 1:18-cv-03083-DLF

**CONSENT MOTION FOR ENLARGEMENT OF THE PAGE LIMIT
FOR CONSOLIDATED OPPOSITION TO PLAINTIFFS' RESPECTIVE
MOTIONS FOR PRELIMINARY INJUNCTION**

Defendants respectfully request the Court grant an enlargement to the 45-page limit set by Local Rule of Civil Procedure 7(e) for Defendants to file a combined

opposition to the Plaintiffs' two motions for preliminary injunction.[1]  This relief is warranted because, prior to this Court's January 8, 2019 Minute Order consolidating the two above-captioned actions, the Plaintiffs in each individual action filed separate briefs in support of their separate motions for preliminary injunction.  The significant issues that each set of Plaintiffs raised differ significantly and thus cannot be adequately addressed within the 45-page limit, particularly in light of the broad array of legal theories and provisions of law under which Plaintiffs' claims arise.

In support of their request for relief, Defendants present the following points and authorities:

1) This now-consolidated action challenges the validity of a Final Rule published in the Federal Register on December 26, 2018.  *See* Department of Justice, *Bump-Stock-Type Devices*, 83 FR 66514 (Dec. 26, 2018) ("Final Rule").  In the version attached to Plaintiffs' Complaint, the Final Rule totals 157 pages in length.

2) On December 18, 2018, the Plaintiffs in *Guedes v. ATF*, 18-cv-2988, filed a Memorandum in support of their Motion for Preliminary Injunction containing over 38 pages of substantive content.  *See id*., ECF No. 2-1.  In their Memorandum, the *Guedes* Plaintiffs relied heavily on Exhibit A to the *Guedes* Complaint, ECF No. 1, totaling 923 pages.  Much of the content of Exhibit A consists of factual or legal argumentation supporting Plaintiffs' Memorandum, including:

---

[1] Upon conferral pursuant to LCvR 7(m), Plaintiffs have consented to the relief sought in this motion, based on Defendants' advance consent for a proportionate extension—if needed—to 45 pages for a consolidated Reply by Plaintiffs.

- A 70-page document authored by the *Guedes* Plaintiffs' counsel of record, titled *Comments in Opposition to Proposed Rule ATF 2017R-22*. *See* ECF No. 1-2, Ex. A, pp. 1-70;

- Legal filings in other cases. *See, e.g.*, ECF No. 1-2, Ex. 6 to Ex. A (*Motion in Limine, United States v. Friesen*, CR-08-041-L (W.D. Okla. Mar. 19, 2009)); ECF No. 1-2, Ex. 25 to Ex. A (Brief in Support of Cross Motion For Summary Judgment And In Opposition to Plaintiff's Motion For Summary Judgment, *Freedom Ordinance Mfg. Inc., v. Thomas E. Brandon*, Case No. 3:16-cv-243-RLY-MPB (S.D. Ind. July 27, 2017));

- A number of declarations and transcripts of testimony, many of which contain legal analysis. *See, e.g.*, ECF No. 1-2, Ex. 32 to Ex. A (Verified Declaration of former ATF Acting Chief of FTB Rick Vasquez).

Explaining that it is doing so "[f]or brevity," (*i.e.*, to comply with the page limit), the *Guedes* Plaintiffs' Memorandum also states that it "incorporates into this Brief all exhibits attached to" a public document (a comment filed with respect to the NPRM) and provides a URL at which these exhibits can be reviewed. *See* ECF No. 2-1 at 25, n.48.

3) On December 26, 2018, the Plaintiff in *Firearms Policy Coalition v. Whitaker* ("*FPC*") filed a separate Motion for Preliminary Injunction. Its supporting memorandum totals 34 pages of substantive content challenging the validity of the Final Rule based on the signature of Acting Attorney General Whitaker.

4) Prior to this Court's January 8, 2019 Minute Order consolidating the *FPC* and *Guedes* actions, LCvR 7(e) would have provided Defendants a total of 90 pages to respond to the Plaintiffs' briefs—45 pages in each action.

5) Defendants required 44 pages of substantive argument to respond to a recent preliminary injunction motion that relied on arguments similar to those made by FPC here in its challenge to the Acting Attorney General's designation. *See* Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction, ECF No. 16, *Michaels v. Whitaker*, *et al.*, Case No. 18-cv-2906 (D.D.C.) (Dec. 13, 2018). Prior to this Court's January 8, 2019 Minute Order consolidating the two cases, Defendants anticipated that a brief of similar length would be required to respond to the preliminary injunction motion in *FPC*. Prior to this Court's January 8, 2019 Minute Order, Defendants anticipated that 40 pages of substantive briefing would be required to respond to the motion for preliminary injunction in *Guedes*. Defendants anticipated that the substantive legal issues in those two briefs would differ, but in light of overlapping background issues between the two cases, Defendants now anticipate that 75 pages of briefing (rather than the previously-anticipated total of 85 pages) will be required to file a consolidated response to the motions in *FPC* and *Guedes*.

6) Thorough briefing of the issues presented in *FPC* and *Guedes* is particularly important in light of the importance of the questions these cases present. The motion for preliminary injunction in *FPC* seeks to have this Court adjudicate novel statutory and constitutional questions concerning the designation of the Acting Attorney General as the head of a Cabinet-level agency and to enjoin the Acting Attorney

General in the performance of his duties.  The motion for preliminary injunction in *Guedes* likewise presents novel issues of national consequence concerning the Final Rule, which acknowledges that its effect will be to reclassify as unlawful contraband the bump stocks possessed by an estimated 500,000 private persons.  As this Court observed during the January 8, 2019 telephonic status conference, given the importance of the issues presented, appellate review is likely of any decision regarding Plaintiffs' motions.  An enlargement of the page limits is therefore appropriate to ensure that this Court has the benefit of thorough briefing on all of the issues raised by Plaintiffs' pair of motions for preliminary injunction.

For the foregoing reasons, enlargement of the page limit to 75 pages is substantially justified and the Federal Defendants respectfully request that this motion be granted.  A proposed order is attached.

Dated: January 15, 2019  Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

HASHIM M. MOOPPAN
BRETT A. SHUMATE
Deputy Assistant Attorneys General

JENNIFER D. RICKETTS
Branch Director

JOHN R. TYLER
CHRISTOPHER R. HALL
Assistant Branch Directors

/s/
ERIC J. SOSKIN (PA Bar #200663)
Senior Trial Counsel
CHETAN PATIL

CESAR A. LOPEZ-MORALES
REBECCA CUTRI-KOHART
Trial Attorneys
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW Rm. 12002
Washington, DC 20530
Telephone: (202) 353-0533
Fax: (202) 616-8470
Email: Eric.Soskin@usdoj.gov
*Counsel for Defendants*
