IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FIREARMS POLICY COALITION, INC., | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. 18-cv-3083 |
| | | Lead Case No. 18-cv-2988 |
| MATTHEW G. WHITAKER, IN HIS OFFICIAL CAPACITY, *et al.*, | * | |
| | * | |
| *Defendants*. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO FILE AMENDED COMPLAINT**

1. Plaintiff Firearms Policy Coalition, Inc. files the attached Amended Complaint as of right under Fed. R. Civ. P. 15(a)(1)(B). *See* Attachments.

2. Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff is entitled to amend a pleading "to which a responsive pleading is required" once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's original complaint is "one to which a responsive pleading is required," *see* Fed. R. Civ. P. 7(a)(2), and the Government has not yet submitted a responsive pleading or motion under Rule 12(b), (e), or (f). Thus, Plaintiff is within the time to file an amended complaint as a matter of right. *E.g.*, *Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 114 (D.D.C. 2014) ("A complaint is a pleading to which a responsive pleading is required. Fed. R. Civ. P. 7(a)(2). Thus, under Rule 15(a)(1)(B), the plaintiff has an absolute right to amend the complaint at any time from the moment the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f).").

3.      The filing of the amended complaint has no effect on Plaintiff's pending Motion for Preliminary Injunction, or, in the Alternative, Permanent Injunction and Declaratory Judgment. ECF 2.  Plaintiff adds three counts for declaratory judgment:  (1) the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, does not apply when there is an office-specific designation statute, such as the one for the Office of the Attorney General, 28 U.S.C. § 508, and the designated official is available to serve; (2) 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to designate an employee, such as the Chief of Staff, to act as an officer in violation of the Appointments Clause; and (3) 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating a non-Senate confirmed officer who is not the first assistant to act as a principal officer, in violation of the Appointments Clause. The new counts do not affect Plaintiff's motion at ECF 2, which is now fully briefed and will be argued on February 6, 2019.

Dated:  January 28, 2019                                Respectfully submitted,

                                                        By:  /s/ Thomas C. Goldstein

                                                        Thomas C. Goldstein (Bar No. 458365)
                                                        TGoldstein@goldsteinrussell.com
                                                        Daniel Woofter (*Pro Hac Vice*)
                                                        DHWoofter@goldsteinrussell.com
                                                        GOLDSTEIN & RUSSELL, P.C.
                                                        7475 Wisconsin Avenue
                                                        Suite 850
                                                        Bethesda, MD 20814
                                                        (202) 362-0636

                                                        *Attorneys for Plaintiff Firearms Policy Coalition, Inc.*