# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FIREARMS POLICY COALITION, INC.,<br>4212 North Freeway Boulevard<br>Sacramento, CA 95834,<br>    *Plaintiff*,<br><br>v.<br><br>MATTHEW G. WHITAKER, IN HIS<br>OFFICIAL CAPACITY,<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530,<br><br>U.S. BUREAU OF ALCOHOL,<br>TOBACCO, FIREARMS AND<br>EXPLOSIVES, AN AGENCY OF THE<br>DEPARTMENT OF JUSTICE,<br>99 New York Avenue, N.E.<br>Washington, DC 20226,<br><br>THOMAS E. BRANDON, IN HIS<br>OFFICIAL CAPACITY,<br>99 New York Avenue, N.E.<br>Washington, DC 20226,<br><br>    *and*<br><br>UNITED STATES OF AMERICA,<br>United States Attorney's Office<br>555 4th Street, N.W.<br>Washington, DC 20530,<br><br>    *Defendants*. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Case No. 18-cv-3083<br>Lead Case No. 18-cv-2988 |

\* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT

1.      Plaintiff Firearms Policy Coalition, Inc. seeks a preliminary injunction under Fed. R. Civ. P. 65(a), a permanent injunction, and declaratory relief under 28 U.S.C. §§ 2201-2202, preventing Matthew G. Whitaker from exercising any authority as Acting Attorney General, and preventing from going into effect a Final Rule, *Bump-Stock-Type Devices*, Docket No. ATF-2017R-22 (Rule) that was issued by Defendants (with a Press Statement by Defendant Matthew G. Whitaker) on Tuesday, December 18, 2018, *available at* https://bit.ly/2T4wA3I.  As required by law, the Rule was signed by defendant Matthew G. Whitaker in his official capacity as Acting Attorney General. The Rule was published in the Federal Register ~~today,~~on Wednesday, December 26, 2018, and will take effect ~~90 days from now~~on March 26, 2019.  Bump-Stock-Type Devices, 83 Fed. Reg. 66514 (Dec. 26, 2018) (to be codified at 27 C.F.R. Parts 447, 478, and 479), http://bit.ly/2ER6BZV.  Plaintiff also seeks declarations that:  (1) the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, does not apply when there is an office-specific designation statute, such as the one for the Office of the Attorney General, 28 U.S.C. § 508, and the designated official is available to serve; (2) 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to designate an employee, such as the Chief of Staff, to act as an officer in violation of the Appointments Clause; and (3) 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating a non-Senate confirmed officer who is not the first assistant to act as a principal officer, in violation of the Appointments Clause.

2.      A preliminary injunction is necessary to prohibit the Rule from taking effect ~~90 days from now~~on March 26, 2019, and to prevent Mr. Whitaker from unlawfully exercising authority as Acting Attorney General.  Mr. Whitaker's designation as Acting Attorney General violates both the Constitution's Appointments Clause, U.S. Const. art. II, § 2, cl. 2, and the applicable statutes,

28 U.S.C. § 508; 5 ~~U.S.C. §§ 3345 et seq.  Thus, he~~ U.S.C. § 3345 et seq.  Moreover, 5 U.S.C. § 3345(a)(3) is unconstitutional under the Appointments Clause insofar as it permits the President (1) to designate a mere employee to act as an officer and (2) to bypass an available "first assistant" by designating a non-Senate confirmed officer who is not the "first assistant" to act as the principal.  Thus, Mr. Whitaker was not authorized to sign the Rule, and the Rule cannot go into effect without irreparably harming Plaintiff and its members.  Accordingly, the declaratory, injunctive, and other relief requested herein is necessary to prevent the implementation or enforcement of this illegal regulation.

3. Plaintiff brings its causes of action pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 500~~,~~ *et seq.*, and this Court's equitable jurisdiction to enjoin federal officials from violating federal law, *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015~~.~~);  *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010) (acknowledging an "implied private right of action directly under the Constitution to challenge governmental action under the Appointments Clause or separation-of-powers principles").  The Court has authority to issue a declaratory judgment under 28 U.S.C. §§ 2201-2202, and preliminary and ultimate injunctive relief in its equitable discretion, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 32 (2008).

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§ 702, 704, and 28 U.S.C. § 1331.  Venue is appropriate pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Firearms Policy Coalition, Inc. (FPC) is a 501(c)(4) non-profit organization incorporated under the laws of Delaware.  FPC serves its members and the public through direct

legislative advocacy, grassroots advocacy, legal efforts, research, education, operation of a Hotline, and other programs.  The purposes of FPC include defending the United States Constitution and the People's rights, privileges, and immunities deeply rooted in the Nation's history and tradition, especially the fundamental right to keep and bear arms.  On January 25, 2018, FPC submitted comments in response to the Advance Notice of Proposed Rulemaking, concerning the Rule.  And on June 19, 2018, FPC submitted comments in response and opposition to the Notice of Proposed Rulemaking concerning the Rule.  FPC owns a "bump stock-type device," specifically, a Slide Fire® SSAR-15® SBS Bump Fire stock.  FPC represents members and supporters throughout the United States who also own and possess bump-stock-type devices.

6.      Defendant U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) is the federal government agency responsible for promulgating and enforcing regulations for the Firearms Industry under the statutory provisions of the Gun Control Act and the National Firearms Act on which ATF has relied as the ostensible basis for its authority to issue the Final Rule.

7.      Defendant Thomas E. Brandon is the Acting Director of ATF, and he is sued in his official capacity.  ATF is responsible for, among other things, regulating and licensing the sale, possession, transfer, and transportation of firearms and ammunition in interstate commerce, including "machineguns" as that term is defined under the National Firearms Act, 26 U.S.C. § 5841 *et seq.*, and the Gun Control Act, 18 U.S.C. § 921 *et seq.*, and any purported agency regulations of ATF.  As Acting Director of ATF, defendant Brandon is responsible for the creation, implementation, execution, and administration of the laws, regulations, customs, practices, and policies of the United States, including implementation and enforcement of the Rule.

7.8.    Defendant Matthew G. Whitaker is the former Chief of Staff to U.S. Attorney General Jefferson B. Sessions III, a position that does not require Senate confirmation.  Among other

things, the Attorney General is responsible for implementation and enforcement of the Rule. Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, 2277 (transferring the functions of ATF from the Department of the Treasury to the Department of Justice, under the general authority of the Attorney General), http://bit.ly/2AjB6V3; *see* 26 U.S.C. §§ 7801(a)(2), 7805; 28 U.S.C. § 599A(c)(1).  Mr. Whitaker was unlawfully designated Acting Attorney General on November 8, 2018, and signed the Rule which was entered in the Federal Register ~~today~~on December 26, 2018.

9. Defendant United States of America is a proper party in this action pursuant to 5 U.S.C. §§ 702, 703, and the declaratory and equitable relief Plaintiff seeks.

## FACTUAL ALLEGATIONS

~~8.~~10.   On December 26, 2017, ATF published the Advance Notice of Proposed Rulemaking in the Federal Register and on federalregister.gov, seeking public input concerning its proposed new treatment of "bump-stock-type" devices under the Final Rule. 82 Fed. Reg. at 60929; http://bit.ly/2EFyuUk.

~~9.~~11.   In the Advance Notice of Proposed Rulemaking, ATF sought certain information pertaining to bump stocks including, but not limited to:  calendar years produced; economic impact of ATF classifying bump stocks as machine guns; use(s) for which the device was marketed; number of bump stocks sold; and purposes bump stocks are used for.

~~10.~~12.   On January 25, 2018, FPC submitted comments to the Advance Notice of Proposed Rulemaking opposing the Rule.  (Docket No. 2017R-22, Docket ID ATF2018-0001.)   82 Fed. Reg. at 60929.

~~11.~~13.   On March 29, 2018, ATF published its Notice of Proposed Rulemaking concerning the Rule in the Federal Register and on federalregister.gov. 83 Fed. Reg. at 13442;

4

http://bit.ly/2PPIQ6d. Comments were required to be submitted on or before June 27, 2018. Fed. Reg. at 13446.

~~12.~~14.  FPC submitted its comment opposing the Rule on June 19, 2018. This comment was posted publicly on Regulations.gov on June 26, 2018. *See* http://bit.ly/2EIUYom. In its Comment, FPC documented numerous deficiencies regarding ATF's Notice of Proposed Rulemaking.

~~13.~~15.  On December 18, 2018, Mr. Whitaker personally executed the Rule, thereby purportedly making the Rule effective, RIN 1140-AA52, Docket No 2018R-22F.

~~14.~~16.  The Rule, executed by Mr. Whitaker, was published and otherwise made available online on December 18, 2018, at https://www.justice.gov/opa/pr/department-justice-announces-bump-stock-type-devices-final-rule,[1] and www.atf.gov/rules-and-regulations/bump-stocks,[2] and FPC obtained and reviewed the Rule on that date. On December 21, 2018, a link to the Rule was published on the Federal Register website. *See* http://bit.ly/2rQdt1N.

~~15.~~17.  The Rule was published in the Federal Register ~~today,~~on Wednesday, December 26, 2018. Bump-Stock-Type Devices, 83 Fed. Reg. 66514 (Dec. 26, 2018) (to be codified at 27 C.F.R. Parts 447, 478, and 479), http://bit.ly/2ER6BZV.

~~16.~~18.  The Rule, spanning 41 pages, implements changes to 27 C.F.R. ¶¶ 447.11, 478.11, 479.11, almost identical to the proposed changes in the Notice of Proposed Rulemaking.

~~17.~~19.  For the reasons set forth in the Motion for Preliminary Injunction, or, in the Alternative, Permanent Injunction and Declaratory Relief and memorandum in support, the designation of Mr.

---

[1] On DOJ's website, it declares: "Today, Acting Attorney General Matthew Whitaker announced that the Department of Justice has amended the regulations of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), clarifying that bump stocks fall within the definition of 'machinegun' under federal law, as such devices allow a shooter of a semiautomatic firearm to initiate a continuous firing cycle with a single pull of the trigger."

[2] On ATF's website, it specifies: "On December 18, 2018, Acting Attorney General Matthew Whitaker announced that the Department of Justice has amended the regulations of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), clarifying that bump stocks fall within the definition of 'machinegun' under federal law, as such devices allow a shooter of a semiautomatic firearm to initiate a continuous firing cycle with a single pull of the trigger."

Whitaker as Acting Attorney General violates the Appointments Clause of the Constitution, U.S. Const. art. II, § 2, cl. 2, and is not authorized by the Vacancies Act, 5 U.S.C. § 3345 *et seq.* FPC and its members are injured because Mr. Whitaker's designation violates the Appointments Clause, and he took direct action that affects FPC and its members personally.

## CLAIM I:  PRELIMINARY INJUNCTION PREVENTING THE RULE FROM TAKING EFFECT

~~18.~~20.  Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

~~19.~~21.  For the reasons alleged here and set forth in the memorandum of law accompanying plaintiff's motion, plaintiff is entitled to injunctive relief preventing the Rule from taking effect, if at all, for 90 days after the exhaustion of all appeals in this matter.  FPC has established that it is likely to prevail on the merits; "is likely to suffer irreparable harm in the absence of preliminary relief"; and the "balance of equities" and "public interest" overwhelmingly favor enjoining the Rule because it was unlawfully signed by Mr. Whitaker.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

~~20.~~22.  For the reasons given in the supporting memorandum, FPC is substantially likely to prevail on the merits:  Mr. Whitaker's designation as Acting Attorney General violates both the Constitution's Appointments Clause, U.S. Const. art. II, § 2, cl. 2, and the applicable statutes, 28 U.S.C. § 508; 5 U.S.C. §§ 3345 *et seq.*  Thus, he was not authorized to sign the Rule, and the Rule thus violates the APA.

~~21.~~23.  FPC has standing to bring this action and to seek injunctive relief.  To date, the federal government has not prohibited the possession, transfer, and sale of bump stock devices.  The Rule for the first time defines "bump-stock-type devices" as illegal machineguns under federal law. FPC owns such a device and also is a membership organization with members who own such

devices. *See* Appendix B to Motion for Preliminary Injunction, or, in the Alternative, Permanent Injunction and Declaratory Judgment (Declaration of Brandon Combs, President of Firearms Policy Coalition, Inc.). The Rule requires that those devices be destroyed to avoid criminal prosecution.

~~22.~~24. Injunctive relief is warranted. The window prior to the Rule's effective date is the only period in which any owner of a bump stock may dispose of it to avoid prosecution. The Department of Justice has represented: "persons in possession of bump-stock-type devices must divest themselves of the devices before the effective date of the final rule." Department of Justice, *Department of Justice Announces Bump-Stock-Type Devices Final Rule* (Dec. 18, 2018), https://bit.ly/2EAjkzY.

~~23.~~25. Injunctive relief is the only means both to protect the interests of FPC and its members from irreparable injury, and also to ensure that the lawfulness of the Rule can be determined in this Court and on appeal before its effective date. Publication is an official act taken in violation of the Appointments Clause. It makes no difference if another official would make the same decision. *See Landry v. FDIC*, 204 F.3d 1125, 1130-32 (D.C. Cir. 2000) (collecting authorities). The violation of FPC's constitutional rights cannot be vindicated by later money damages.

~~24.~~26. Moreover, even the pendency of the Rule effectively eliminates the property right of FPC and its members to transfer or sell their bump-stock devices; no reasonable person would accept or buy a device that it will be a crime to possess.

~~25.~~27. Further, while a court challenge is pending, FPC and its members understandably will be left in a state of great uncertainty regarding whether to take steps to destroy the devices. Any act to do so "must render the device incapable of being readily restored to its intended function." Department of Justice, *Department of Justice Announces Bump-Stock-Type Devices Final Rule*

(Dec. 18, 2018), https://bit.ly/2EAjkzY.  If the courts then ultimately sustain the Rule close to its effective date—or if the rules are invalidated at that time, but reissued in a valid manner without another delayed effective date—FPC and its members risk being subjected to criminal prosecution because they cannot sufficiently dispose of the devices in time.

~~26.~~28.  Injunctive relief is also in the public interest, a fact that even supporters of the Rule should recognize.  This Court's expedited disposition of the Motion for Preliminary Injunction will allow the case to be reviewed through the appeals process without the Rule taking effect.  If the Rule is sustained, then it can take effect 90 days after all appeals are exhausted.  If the Rule is invalidated, then a properly appointed Acting Attorney General can determine whether to reissue it.

### CLAIM II:  PERMANENT INJUNCTION PREVENTING THE RULE FROM TAKING EFFECT

~~27.~~29.  Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

~~28.~~30.  For the same reasons as those outlined above, FPC is entitled to a permanent injunction against the Rule.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 32 (2008) (only difference between factors for preliminary and permanent injunction is that for preliminary relief, plaintiff need only show a "likelihood of success," and for permanent relief, plaintiff must succeed on the merits).

### CLAIM III:  INJUNCTION UNDER *ARMSTRONG* AGAINST MATTHEW WHITAKER FROM EXERCISING AUTHORITY AS THE ACTING ATTORNEY GENERAL

~~29.~~31.  Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

~~30.~~32.  FPC has standing to bring this action challenging Mr. Whitaker's authority.  Mr. Whitaker executed the Rule, divesting FPC and its members of their right to possess, transfer, and sell bump stock-type devices.  FPC owns such a device and also is a membership organization with members

who own such devices.  Mr. Whitaker thus took a direct action that injures FPC and its members, and FPC has the right to challenge his authority to do so under *Landry v. FDIC*, 204 F.3d 1125, 1130 (D.C. Cir. 2000) (standing to challenge decision of officer exercising authority in violation of Appointments Clause, whether a different, lawful officer would make same decision).

~~31.~~33.  The Court has authority to enjoin "violations of federal law by federal officials." *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015).  Thus, the Court should enjoin Mr. Whitaker from exercising authority as the Acting Attorney General.

### CLAIM IV:  DECLARATORY JUDGMENT

~~32.~~34.  Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

~~33.~~35.  Plaintiff is entitled to a declaration that the Rule is invalid as signed by Mr. Whitaker and that Mr. Whitaker's designation violates the Constitutional and federal law, such that he is not lawfully the Acting Attorney General.  *See* 28 U.S.C. §§ 2201-2202.

### CLAIM V:  DECLARATORY JUDGMENT

36.     Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

37.     Mr. Whitaker's designation as Acting Attorney General pursuant to 5 U.S.C. § 3345(a)(3) violates 28 U.S.C. § 508 and the Constitution's Appointments Clause, U.S. Const. art. II, § 2, cl. 2.

38.     Thus, plaintiff is entitled to a declaration that the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, does not apply when there is an office-specific designation statute, such as the one for the Office of the Attorney General, 28 U.S.C. § 508, and the designated official is available to serve.

## CLAIM VI:  DECLARATORY JUDGMENT

39. Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

40. Mr. Whitaker was an employee designated to act as Attorney General pursuant to 5 U.S.C. § 3345(a)(3), in violation of the Constitution's Appointments Clause, U.S. Const. art. II, § 2, cl. 2.

41. Thus, plaintiff is entitled to a declaration that 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to designate an employee, such as the Chief of Staff, to act as an officer in violation of the Appointments Clause.

## CLAIM VII:  DECLARATORY JUDGMENT

42. Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

43. Mr. Whitaker was designated to act as Attorney General pursuant to 5 U.S.C. § 3345(a)(3) when the "first assistant," Deputy Attorney General Rod Rosenstein under 28 U.S.C. § 508, was available to serve, which violated the Constitution's Appointments Clause, U.S. Const. art. II, § 2, cl. 2.

44. Thus, plaintiff is entitled to a declaration that 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating a non-Senate confirmed officer who is not the first assistant to act as a principal officer, in violation of the Appointments Clause.

**REQUEST FOR RELIEF**

For the foregoing reasons, as well as those set forth in the motion and memorandum for injunction and declaratory relief, plaintiff respectfully requests that the Court enter an ORDER that:

(a) ENJOINS the Rule, Bump-Stock-Type Devices, 83 Fed. Reg. 66514 (Dec. 26, 2018), from going into effect, if at all, for at least 90 days after resolution of this action and all appeals;

(b) ENJOINS Matthew G. Whitaker from exercising any authority as Acting Attorney General, in this or any other matter;

(c) DECLARES that the Rule is invalid as signed by Matthew G. Whitaker;

(d) DECLARES that Matthew G. Whitaker's designation as the Acting Attorney General violates the Appointments Clause and 28 U.S.C. § 508; ~~and~~

(e) DECLARES that the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, does not apply when there is an office-specific designation statute, such as 28 U.S.C. § 508, and the designated official is available to serve;

(f) DECLARES that 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to designate an employee, such as the Chief of Staff, to act as an officer in violation of the Appointments Clause;

(g) DECLARES that 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating a non-Senate confirmed officer who is not the first assistant to act as a principal officer, in violation of the Appointments Clause; and

~~(e)~~(h) DECLARES that Matthew G. Whitaker is not the Acting Attorney General.

Date:  ~~December 26, 2018~~January 28, 2019		Respectfully submitted,

	By:  /s/ Thomas C. Goldstein

	Thomas C. Goldstein (Bar No. 458365)
	TGoldstein@goldsteinrussell.com
	Daniel Woofter (*Pro Hac Vice*)
	DHWoofter@goldsteinrussell.com
	GOLDSTEIN & RUSSELL, P.C.
	7475 Wisconsin Avenue
	Suite 850
	Bethesda, MD 20814
	(202) 362-0636

	~~*Attorney*~~*Attorneys for Plaintiff Firearms Policy Coalition, Inc.*

CERTIFICATE OF SERVICE

I certify that on December 26, 2018, I caused a copy of the foregoing and all attachments filed thereto to be deposited with a third-party commercial carrier for overnight delivery, postage prepaid, addressed to the following defendants:

MATTHEW G. WHITAKER
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
99 New York Avenue, N.E.
Washington, DC 20226

THOMAS E. BRANDON
U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives
99 New York Avenue, N.E.
Washington, DC 20226

UNITED STATES OF AMERICA
United States Attorney's Office
555 4th Street, N.W.
Washington, DC 20530

/s/ Thomas C. Goldstein
Thomas C. Goldstein