UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMIEN GUEDUES**, *et al*., : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **BUREAU OF ALCOHOL, TOBACCO,** : <br> **FIREARMS, AND EXPLOSIVES**, *et al*., : <br> : <br> **Defendants** : | Case No. 1:18-cv-02988-DLF <br><br> Judge Friedrich |
| **FIREARMS POLICY COALITION, Inc.** : <br> : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> **MATTHEW WHITAKER**, *et al*., : <br> : <br> **Defendants** : | Case No. 1:18-cv-03083-DLF <br><br> Judge Friedrich |

**PLAINTIFFS' UNOPPOSED MOTION TO SUPPLEMENT AMENDED COMPLAINT
AND
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Guedes, Shane Roden, Firearms Policy Foundation ("FPF"), Madison Society Foundation, Inc., and Florida Carry, Inc., who are the Plaintiffs in case number 1:18-cv-2988, hereby respectfully request that this Court permit them to file this motion to supplement their Amended Complaint and Motion for Preliminary Injunction based on documentation only

1

provided by Defendants on the morning of February 7, 2019, after briefing and oral argument was completed in this matter, and aver as follows:

1. During oral argument on February 6, 2019, the undersigned raised issue, including requesting that this Court take an adverse inference, with the Defendants' failure to respond to Plaintiff FPF's expedited Freedom of Information Act ("FOIA") request,[1] which was submitted on March 30, 2018, during the comment period of the Final Rule in this matter.

2. On February 7, 2019, at 9:29 AM, Adam Siple, Chief of the ATF Disclosure Division, emailed the undersigned in partial response to Plaintiff FPF's FOIA.[2]

3. As such, Plaintiffs neither had the benefit of the disclosed documents during preparation of their briefs nor during oral argument and several of the documents directly relate to questions asked by this Court.

4. Accordingly, Plaintiffs are respectfully requesting that they be permitted to supplement their Amended Complaint and Motion for Preliminary Injunction with the attached documents, as provided by ATF on the morning of February 7, 2019, which have been labeled Exhibit B.[3]

---

[1] As the undersigned explained during oral argument, pursuant to 5 U.S.C § 552(a)(6)(E)(ii)(I), the ATF was required to respond to Plaintiff FPF's expedited request within 10 days.

[2] Although it appears that ATF contends that it has fully responded to Plaintiff FPF's request, for the reasons that follow (*i.e.* the Declaration of Richard Vasquez), as well as the fact that there appears to be documents referenced but not turned over (*i.e.* control numbers 71814 and 302192) and the response includes redactions for which the undersigned is reviewing the legality of, Plaintiffs contend that the response is only partial. The undersigned has notified Defendants' Counsel of these issues and only mentions these issues herein to explain Plaintiffs' contention that the response appears to only be partial.

[3] All markings on the documents – with the exception of the page numbers – are the markings existing on the documents as provided to the undersigned.

5. The basis for requesting this supplementation in relation to Exhibit B is that ATF's determinations declare:

   a. "The [SlideFire] stock has *no automatically functioning mechanical parts or springs and performs no automatic mechanical function when installed*...Accordingly, we find that the 'bump-stock' is a firearm part and is not regulated as a firearm under the Gun Control Act or the National Firearms Act." Exhibit B at 1; *see also, id.* at 26, 59, 75

   b. "The absence of an accelerator spring or similar component in the submitted [bump-stock] device *prevents it from operating automatically.*" *Id.* at 15; *see also, id.* at 22, 34, 49, 53, 56, 64, 72;

   c. "The FTB live-fire testing of the submitted [bump-stock] device indicates that if, as a shot is fired, an intermediate amount of pressure is applied to the fore-end with the support hand, the shoulder stock device will recoil rearward far enough to allow the trigger to *mechanically reset.*" *Id.* at 9; *see also, id.* at 22, 30, 42, 62, 75;

   d. In reflecting that the function of a bump-stock device requires conscious input by the shooter, "every subsequent shot depends on the shooter applying the appropriate amount of forward pressure to the fore-end and timing it to contact the trigger finger on the firing hand." *Id.* at 9; *see also, id.* at 30, 42, 62; [4]

   e. "Your stock is designed to allow the AR-type semiautomatic rifle mounted to it to reciprocate back and forth in a linear motion. The absence of an accelerator spring

---

[4] At oral argument, the Defendants argued there was no conscious input provided by the shooter.

of similar component in the submitted device *prevents it from operating automatically*. When operated, forward pressure must be applied with the support hand to the forward handguard/fore-end of the AR-type rifle mounted to your stock, bringing the receiver assembly forward to a point where the trigger can be pulled by the firing hand. If sufficient forward pressure is not applied to the handguard with the support hand, the rifle can be fired in a conventional, semiautomatic manner since the reciprocation of the receiver assembly is eliminated.

The FTB examination of the submitted device indicates that if as a shot is fired—and a sufficient amount of pressure is applied to the handguard/gripping surface with the shooter's support hand—the AR-type rifle assembly will come forward until the trigger re-contacts the shooter's stationary firing-hand trigger finer: Re-contacting allows the firing of a subsequent shot. In this manner, the shooter pulls the receiver assembly forward to fire each shot, *each succeeding shot firing with a single trigger function*.[5]

Since your device does not initiate an automatic firing cycle by a single function of the trigger, [Firearms Technology Branch] finds that it is NOT a machinegun under the NFA. 26 U.S.C. 5845(b), or the amended Gun Control Act of 1968, 18

---

[5] *See also*, Exhibit B at 62 declaring that "[i]n this manner, the shooter pulls the receiver assembly forward to fire each shot *so that the action of firing is accomplished by a single trigger function*."

  U.S.C. § 921(a)(23).” *Id.* at 4; *see also*, *id.* at 9, 15, 22-23, 30-31, 34, 42, 49, 53, 56, 59-60, 62, 64, 72, 75.

6. Plaintiffs are also respectfully requesting that they be permitted to supplement their Amended Complaint and Motion for Preliminary Injunction with the Declaration of Richard Vasquez, which has been labeled Exhibit C, as it directly relates to whether ATF has fully disclosed all related documents to FPF’s FOIA and to issues raised by the Court during oral argument on February 6, 2019.
7. The basis for requesting this supplementation in relation to Exhibit C is that ATF previously held
    a. a “single function of the trigger” meant a single movement of the trigger, regardless of whether the movement was the pull or release of the trigger;
    b. a firearm would *only* be classified as a machinegun *only* if each movement of the trigger resulted in more than one shot being fired; and
    c. the proper analysis of “single function of the trigger” was held from a mechanical standpoint.
8. The undersigned inquired of Attorney Eric Soskin for the Defendants as to whether they have any objection to this request and he responded that the Government does not oppose this request, provided Plaintiffs do not seek to include legal argument.
9. As nothing in this motion is intended by Plaintiffs to constitute legal argument and is intended solely to explain to the Court the basis for Plaintiffs’ motion to supplement, it is believed that the Government does not oppose this request.
10. For all of these reasons, Plaintiffs respectfully request that this Court grant their motion to supplement.

                                                                 Respectfully Submitted,

Date:   February 8, 2019                               */s/ Joshua Prince*
                                                    Joshua Prince, Esq.
                                                    D.C. Bar No. PA0081
                                                    Joshua@civilrightsdefensefirm.com

                                                    Adam Kraut, Esq.
                                                    D.C. Bar No. PA0080
                                                    AKraut@civilrightsdefensefirm.com

                                                    Civil Rights Defense Firm, P.C.
                                                    646 Lenape Rd
                                                    Bechtelsville, PA 19505
                                                    888-202-9297
                                                    610-400-8439 (fax)
                                                    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2019, I served the foregoing on Department of Justice attorney, Eric Soskin, via email at eric.soskin@usdoj.gov.

Respectfully Submitted,

_____
Joshua Prince, Esq.
D.C. Bar No. PA0081

Joshua@CivilRightsDefenseFirm.com
Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-92973 (t)
(610) 400-8439 (f)
Attorney for Plaintiffs