**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FIREARMS POLICY COALITION, INC.,
4212 North Freeway Boulevard
Sacramento, CA 95834,

*Plaintiff*,

v.

MATTHEW G. WHITAKER, IN HIS OFFICIAL CAPACITY,
950 Pennsylvania Avenue, N.W.
Washington, DC 20530,

WILLIAM P. BARR, IN HIS OFFICIAL CAPACITY,
950 Pennsylvania Avenue, N.W.
Washington, DC 20530;

U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, AN AGENCY OF THE DEPARTMENT OF JUSTICE,
99 New York Avenue, N.E.
Washington, DC 20226,

THOMAS E. BRANDON, IN HIS OFFICIAL CAPACITY,
99 New York Avenue, N.E.
Washington, DC 20226,

*and*

UNITED STATES OF AMERICA,
United States Attorney's Office
555 4th Street, N.W.
Washington, DC 20530,

*Defendants*.

Case No. 18-cv-3083
Lead Case No. 18-cv-2988

* * * * * * * * * * * * *

## SECOND AMENDED COMPLAINT

1. Plaintiff Firearms Policy Coalition, Inc. seeks injunctive and declaratory relief against the government's policy of using the Federal Vacancies Reform Act (FVRA), 5 U.S.C. § 3345 *et seq.*, to designate an employee like Matthew G. Whitaker to act as an officer during a vacancy or absence, and of using the FVRA to designate a non-Senate confirmed officer or employee like Mr. Whitaker to act as a principal officer during an absence or vacancy when that officer's "first assistant" is available to serve. Doing so violates the Constitution's Appointments Clause. U.S. Const. art. II, § 2, cl. 2. Plaintiff also seeks injunctive and declaratory relief against the government's policy of using the FVRA to displace acting principal officers automatically designated by office-specific statutes like the Attorney General Succession Act. 28 U.S.C. § 508. Doing so violates the office-specific statutes and the terms of the FVRA.

2. Plaintiff also seeks a declaration that Mr. Whitaker's issuance of a regulation banning "bump stocks" on December 18, 2018, *see* Bump-Stock-Type Devices (Final Rule), 83 Fed. Reg. 66514 (Dec. 26, 2018), http://bit.ly/2ER6BZV, wholly apart from Attorney General William Barr's ratification of the Final Rule on March 14, 2019, caused plaintiff and its bump-stock owning members injury from its inception by depriving plaintiff and its members of their right to alienate their property. Plaintiff and some of plaintiff's members owned such devices, and could not alienate their bump stocks during the entire period that the Final Rule has existed. And Mr. Whitaker was designated as Acting Attorney General in violation of the Appointments Clause and applicable statutes. His unlawful action thus harmed plaintiff and its members directly, from the moment he issued the Final Rule, and Mr. Barr's ratification of the Final Rule did not cure the harm plaintiff and its members already suffered.

3. Plaintiff brings its causes of action pursuant to the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.*, this Court's equitable jurisdiction to enjoin "violations of federal law by federal

officials," *Armstrong v. Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015), and the "implied private right of action directly under the Constitution to challenge governmental action under the Appointments Clause," *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010). The Court has authority to issue a declaratory judgment under 28 U.S.C. §§ 2201-2202, and injunctive relief in its equitable discretion, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 32 (2008).

4. Plaintiff has standing to challenge the government's FVRA policy, because plaintiff was harmed when the President designated Mr. Whitaker as Acting Attorney General pursuant to that policy—in violation of the Appointments Clause and applicable statutes—and Mr. Whitaker took direct action that harmed plaintiff and its members, harm that was not cured by Mr. Barr's ratification of the Final Rule. Thus, plaintiff has the right to challenge the government's policy under the Appointments Clause, regardless of whether another, lawful official would have made the same decision. *See Landry v. FDIC*, 204 F.3d 1125, 1130-32 (D.C. Cir. 2000) (collecting authorities).

**JURISDICTION**

5. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§ 702, 704, and 28 U.S.C. § 1331. Venue is appropriate pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391.

**PARTIES**

6. Plaintiff Firearms Policy Coalition, Inc. (FPC) is a 501(c)(4) non-profit organization incorporated under the laws of Delaware. FPC has hundreds of thousands of members and supporters across the United States. FPC serves its members and the public through direct legislative advocacy, grassroots advocacy, legal efforts, research, education, operation of a Hotline, and other programs. The purposes of FPC include defending the United States

Constitution and the People's rights, privileges, and immunities deeply rooted in the Nation's history and tradition, especially the fundamental right to keep and bear arms. FPC owns a "bump stock-type device," specifically, a Slide Fire® SSAR-15® SBS Bump Fire stock, of which FPC has transferred full legal possession and control to a sister organization currently protected from the effective date of the Final Rule by an administrative stay. FPC represents members and supporters throughout the United States who also owned bump-stock-type devices at the time Mr. Whitaker signed the Final Rule on December 18, 2018.

7. Defendant ATF is the federal agency responsible for promulgating and enforcing regulations under the National Firearms Act, 26 U.S.C. § 5841 *et seq.*, and Gun Control Act, 18 U.S.C. § 921 *et seq.*, on which ATF relied in promulgating the Final Rule.

8. Defendant Thomas E. Brandon is the Acting Director of ATF, and he is sued in his official capacity. Among other things, he is responsible for implementing and enforcing the Final Rule.

9. Defendant Matthew G. Whitaker is the former Chief of Staff to the Attorney General, who was designated to act as the Attorney General. Among other things, the Attorney General is responsible for implementing and enforcing the Final Rule. Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, 2277, http://bit.ly/2AjB6V3; *see* 26 U.S.C. §§ 7801(a)(2), 7805; 28 U.S.C. § 599A(c)(1). When he was Acting Attorney General, he implemented the Final Rule.

10. Defendant William P. Barr is the Attorney General of the United States. He was sworn into that role on February 14, 2019.

11. Defendant United States of America is a proper party in this action pursuant to 5 U.S.C. §§ 702, 703, and the declaratory and equitable relief plaintiff seeks.

## FACTUAL ALLEGATIONS

12. On November 7, 2018, the President forced the resignation of Attorney General Jefferson Sessions III. Deputy Attorney General Rod Rosenstein automatically became the Acting Attorney General by operation of law. 28 U.S.C. § 508(a). The next day, the President displaced Acting Attorney General Rosenstein pursuant to an explicit executive policy, invoking the FVRA to direct an employee, former Chief of Staff Matthew Whitaker, to perform the functions of the Attorney General. This violated the Appointments Clause, the FVRA, and 28 U.S.C. § 508(a).

13. The President directed Mr. Whitaker to act as Attorney General pursuant to an explicit executive policy of using the FVRA to designate an employee like Mr. Whitaker as any officer, including a principal officer, and even when the principal officer's first assistant is available to serve and an office-specific designation statute automatically designated the first assistant to act during the absence or vacancy. The government has acknowledged this executive policy in this very case, arguing: "Presidents have consistently and explicitly invoked their FVRA authority to make acting officer designations that would be barred if the office-specific statutes were read to set out exclusive, mandatory succession plans, as Plaintiffs suggest. Using their FVRA authority, multiple Presidents have long provided for orders of succession for offices covered by office-specific statutes and individually designated someone other than the deputy designated in an office-specific statute to serve as the acting agency head. Notably, such FVRA designations have even bypassed the extant deputy designated in the office-specific statute." ECF No. 16 at 51-52 (footnotes omitted).

14. The Office of Legal Counsel first endorsed this policy in 2003, when it advised that the President can use the FVRA to direct an employee to temporarily perform all the functions of any officer. *Designation of Acting Director of the Office of Management and Budget*, 27 Op. OLC

121 (2003). The Office of Legal Counsel has maintained this view ever since, explicitly reaffirming that position twice in the last three years, and clarifying that the FVRA can even be used to displace an officer designated by an office-specific designation statute. *Designating an Acting Attorney General*, 42 Op. O.L.C. __ (Nov. 14, 2018), slip op., http://bit.ly/2B3ilF8, *Designating an Acting Director of the Bureau of Consumer Financial Protection*, 41 Op. O.L.C. __ (Nov. 25, 2017), slip op., https://bit.ly/2XAM7v5. President Trump has also expressed that he "like[s]" using "acting" Cabinet officers because he "can move so quickly," and using acting Cabinet officers gives him "more flexibility." *See Transcript: President Trump on "Face the Nation," February 3, 2019*, CBS News (Feb. 3, 2019), https://cbsn.ws/2U1LfBA.

15. Mr. Whitaker personally executed the Final Rule on December 18, 2018, which was published in the Federal Register on December 26, 2018. *See* https://bit.ly/2T4wA3I; 83 Fed. Reg. 66514 (Dec. 26, 2018). In addition to effectively depriving plaintiff and its members of their rights to possess, transfer, and sell their bump stocks, the Final Rule required them to destroy their bump stocks by March 26, 2019, or risk facing severe criminal penalties. Plaintiff and its members thus lost their property right to alienate their bump stocks from the moment the Final Rule was authorized by Mr. Whitaker. From the time of the Final Rule's inception, no reasonable person would purchase a bump stock, because no reasonable person would buy an item when it would soon have to be destroyed to avoid severe criminal sanctions.

16. As the facts of this case bear out, the government's FVRA policy violates the Appointments Clause and also the express terms of the FVRA: Mr. Whitaker's designation as Acting Attorney General violated the Appointments Clause, U.S. Const. art. II, § 2, cl. 2; Mr. Whitaker's designation violated the Attorney General Succession Act, 28 U.S.C. § 508, because when such office-specific statute designates the official who will serve during an absence or vacancy, the

FVRA by its terms does not apply, 5 U.S.C. § 3347(a)(1)(B); the FVRA is unconstitutional insofar as it permits the President to designate an employee, such as the Chief of Staff, to act as an officer, *id.* § 3345(a)(3); and the FVRA is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating a non-Senate confirmed "officer or employee," who is not the first assistant, to act as a principal officer, *id.*

**COUNT I: CLAIM FOR INJUNCTION AGAINST THE EXECUTIVE'S FVRA POLICY**

17. Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

18. Plaintiff is entitled to injunctive relief preventing the government from using its FVRA policy to designate an employee to act as an officer, to designate a non-Senate confirmed official or employee to act as a principal officer during an absence or vacancy when that officer's first assistant is available to serve, and to displace the acting principal officer designated by an office-specific designation statute. *Winter*, 555 U.S. at 32 (permanent injunction appropriate where plaintiff succeeds on the merits, would suffer irreparable harm without one, and balance of equities and public interest weigh in favor of injunction).

**COUNT II: CLAIMS FOR DECLARATORY JUDGMENT**

19. Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

20. Plaintiff is entitled to a declaration that the Final Rule unconstitutionally and unlawfully caused plaintiff and its members harm from the Final Rule's inception, because it deprived plaintiff and its members of their property right to alienate their bump stocks from the day it was signed, and Mr. Whitaker was not constitutionally or statutorily authorized to issue the Final Rule on December 18, 2018.

21. Plaintiff is entitled to a declaration that issuance of the Final Rule by Mr. Whitaker on December 18, 2018, wholly apart from Mr. Barr's ratification on March 14, 2019, was illegal, because plaintiff and its members were injured from the Final Rule's inception, and Mr. Whitaker was not constitutionally or statutorily authorized to issue the Final Rule on December 18, 2018.

22. Plaintiff is entitled to a declaration that Mr. Barr's ratification does not cure the harm that plaintiff and its members already suffered during the period between Mr. Whitaker's unconstitutional and unlawful issuance of the Final Rule on December 18, 2018, and Mr. Barr's ratification on March 14, 2019.

23. Plaintiff is entitled to a declaration that the government's policy of using the FVRA to designate an employee to act as an officer, to designate a non-Senate confirmed official or employee to act as a principal officer during an absence or vacancy when that officer's first assistant is available to serve, and to displace the acting principal officer designated by an office-specific designation statute, violates the Constitution's Appointments Clause and applicable statutes.

24. The available Deputy Attorney General was automatically designated to serve as Acting Attorney General when former Attorney General Sessions resigned, by operation of 28 U.S.C. § 508, such that the FVRA by its terms did not apply. Thus, plaintiff is entitled to a declaration that the FVRA does not apply when there is an office-specific designation statute, such as 28 U.S.C. § 508, and the designated official is available to serve.

25. Mr. Whitaker was directed to act as Attorney General pursuant to 5 U.S.C. § 3345(a)(3). Thus, plaintiff is entitled to a declaration that § 3345(a)(3) is unconstitutional insofar as it permits the President to direct an employee, such as the Chief of Staff, to act as an "officer."

26. The "first assistant" by law, Deputy Attorney General Rod Rosenstein, was available to serve when Mr. Sessions resigned. Thus, plaintiff is entitled to a declaration that § 3345(a)(3) is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating an employee or non-confirmed official who is not the first assistant to act as a principal officer.

**REQUEST FOR RELIEF**

For the foregoing reasons, plaintiff respectfully requests that the Court enter an ORDER that:

(a) ENJOINS the government's policy of using the FVRA to designate an employee to act as an officer, to designate a non-Senate confirmed official or employee to act as a principal officer during an absence or vacancy when that officer's first assistant is available to serve, and to displace the acting principal officer designated by an office-specific designation statute;

(b) DECLARES that the government's policy of using the FVRA to designate an employee to act as an officer, to designate a non-Senate confirmed official or employee to act as a principal officer during an absence or vacancy when that officer's first assistant is available to serve, and to displace the acting principal officer designated by an office-specific designation statute, violates the Constitution's Appointments Clause and applicable statutes, 5 U.S.C. § 3345 *et seq.*; 28 U.S.C. § 508;

(c) DECLARES that the Final Rule unconstitutionally and unlawfully caused plaintiff and its members harm from its inception, because it deprived plaintiff and its members of their property right to alienate their bump stocks from the day the Final Rule was signed, and

Mr. Whitaker was not constitutionally or statutorily authorized to issue the Final Rule on December 18, 2018;

(d) DECLARES that issuance of the Final Rule by Mr. Whitaker on December 18, 2018, wholly apart from Mr. Barr's ratification on March 14, 2019, was illegal, because plaintiff and its members were injured from the Final Rule's inception, and Mr. Whitaker was not constitutionally or statutorily authorized to issue the Final Rule on December 18, 2018;

(e) DECLARES that Mr. Barr's ratification does not cure the harm that plaintiff and its members already suffered during the period between Mr. Whitaker's unconstitutional and unlawful issuance of the Final Rule on December 18, 2018, and Mr. Barr's ratification on March 14, 2019;

(f) DECLARES that Matthew G. Whitaker's designation as the Acting Attorney General violated the Appointments Clause;

(g) DECLARES that Matthew G. Whitaker's designation as the Acting Attorney General violated 28 U.S.C. § 508, because 5 U.S.C. § 3345 *et seq.* does not apply when an office-specific statute like 28 U.S.C. § 508 designates an official to serve during an absence or vacancy;

(h) DECLARES that the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, does not apply when there is an office-specific designation statute, such as 28 U.S.C. § 508, and the designated official is available to serve;

(i) DECLARES that 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to designate an employee, such as the Chief of Staff, to act as an officer in violation of the Appointments Clause; and

(j) DECLARES that 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating an employee or a non-Senate confirmed officer who is not the first assistant to act as a principal officer, in violation of the Appointments Clause.

Date: April 4, 2019

Respectfully submitted,

By: /s/ Thomas C. Goldstein

Thomas C. Goldstein (Bar No. 458365)
TGoldstein@goldsteinrussell.com
Daniel Woofter (*Pro Hac Vice*)
DHWoofter@goldsteinrussell.com
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814
(202) 362-0636

*Attorneys for Plaintiff Firearms Policy Coalition, Inc.*