IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAMIEN GUEDES, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Lead Case No. 18-cv-2988 |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, *et al.*, | * | |
| *Defendants*. | * | |

* * * * * * * * * * * *

| | | |
|---|---|---|
| FIREARMS POLICY COALITION, INC., | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. 18-cv-3083 |
| MATTHEW G. WHITAKER, IN HIS OFFICIAL CAPACITY, *et al.*, | * | |
| *Defendants*. | * | |

* * * * * * * * * * * *

**UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

1. Plaintiff Firearms Policy Coalition, Inc. moves for leave to file the attached Second Amended Complaint under Fed. R. Civ. P. 15(a)(2). *See* Attachment 1 (clean version); Attachment 2 (redline version).

2. Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Barkley v. U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25, 38 (D.C. Cir. 2014) (in "absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, amendment is necessary to address

intervening events that were not caused by plaintiff, and the government does not oppose the motion, so the Court should grant plaintiff's motion for leave to amend.  *See id.*

3.	Amendment is necessary in this case to address the effect that Attorney General William Barr's ratification order has on plaintiff's case.  Indeed, the D.C. Circuit granted plaintiff's motion to voluntarily dismiss the interlocutory appeal, over the government's objection, premised on plaintiff's submission that plaintiff would move to amend its complaint to respond to the ratification, and this Court could address, in the first instance, several important issues—including ratification, voluntary cessation, and plaintiff's entitlement to declaratory relief beyond the Final Rule itself.  *See also Dynalantic Corp. v. Dep't of Def.*, 115 F.3d 1012, 1015 (D.C. Cir. 1997) (taking unusual step of granting plaintiff's request to amend the complaint at the appeal stage, in light of agency's intervening ratification).

4.	Defendants do not oppose the motion, while reserving all jurisdictional, merits, and procedural arguments otherwise.

Date:  April 5, 2019                                  Respectfully submitted,

By:  /s/ Thomas C. Goldstein

Thomas C. Goldstein (Bar No. 458365)
TGoldstein@goldsteinrussell.com
Daniel Woofter (*Pro Hac Vice*)
DHWoofter@goldsteinrussell.com
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814
(202) 362-0636

*Attorneys for Plaintiff Firearms Policy Coalition, Inc.*

2