# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC., <br> 4212 North Freeway Boulevard <br> Sacramento, CA 95834, <br><br> *Plaintiff*, <br><br> v. <br><br> MATTHEW G. WHITAKER, IN HIS OFFICIAL CAPACITY, <br> 950 Pennsylvania Avenue, N.W. <br> Washington, DC 20530, <br><br> WILLIAM P. BARR, IN HIS OFFICIAL CAPACITY, <br> 950 Pennsylvania Avenue, N.W. <br> Washington, DC 20530; <br><br> U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, AN AGENCY OF THE DEPARTMENT OF JUSTICE, <br> 99 New York Avenue, N.E. <br> Washington, DC 20226, <br><br> THOMAS E. BRANDON, IN HIS OFFICIAL CAPACITY, <br> 99 New York Avenue, N.E. <br> Washington, DC 20226, <br><br> *and* <br><br> UNITED STATES OF AMERICA, <br> United States Attorney's Office <br> 555 4th Street, N.W. <br> Washington, DC 20530, <br><br> *Defendants*. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> Case No. 18-cv-3083 <br> Lead Case No. 18-cv-2988 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**SECOND AMENDED COMPLAINT**

~~AMENDED COMPLAINT~~

~~1.~~ Plaintiff Firearms Policy Coalition, Inc. seeks ~~a preliminary injunction under Fed. R. Civ. P. 65(a), a permanent injunction,~~ injunctive and declaratory relief ~~under 28 U.S.C. §§ 2201-2202, preventing Matthew G. Whitaker from exercising any authority as Acting Attorney General, and preventing from going into effect a Final Rule, *Bump-Stock-Type Devices*, Docket No. ATF-2017R-22 (Rule) that was issued by Defendants (with a Press Statement by Defendant Matthew G. Whitaker) on Tuesday, December 18, 2018, *available at* https://bit.ly/2T4wA3I.  As required by law,~~ against the ~~Rule was signed by defendant Matthew G. Whitaker in his official capacity as Acting Attorney General.  The Rule was published in the Federal Register on Wednesday, December 26, 2018, and will take effect on March 26, 2019.  Bump-Stock-Type Devices, 83 Fed.~~ government's policy of using ~~Reg. 66514 (Dec. 26, 2018) (to be codified at 27 C.F.R. Parts 447, 478, and 479), http://bit.ly/2ER6BZV.  Plaintiff also seeks declarations that:  (1)~~ the Federal Vacancies Reform Act~~,~~ (FVRA), 5 U.S.C. § 3345 *et seq*.~~,  does not apply when there is an office-specific designation statute, such as the one for the Office of the Attorney General, 28 U.S.C. § 508, and the designated official is available to serve; (2) 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President~~ to designate an employee~~, such as the Chief of Staff,~~ like Matthew G. Whitaker to act as an officer ~~in violation of the Appointments Clause; and (3) 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating a~~ during a vacancy or absence, and of using the FVRA to designate a non-Senate confirmed officer ~~who is not the first assistant~~ or employee like Mr. Whitaker to act as a principal officer~~, in violation of the Appointments Clause.~~

~~2.~~1.    ~~A preliminary injunction is necessary to prohibit the Rule from taking effect on March 26, 2019, and to prevent Mr. Whitaker from unlawfully exercising authority as Acting Attorney~~

1

General.  Mr. Whitaker's designation as Acting Attorney General during an absence or vacancy when that officer's "first assistant" is available to serve.  Doing so violates both the Constitution's Appointments Clause, U.S. Const. art. II, § 2, cl. 2, and the applicable statutes, 2.  Plaintiff also seeks injunctive and 28 U.S.C. § 508; 5 U.S.C. § 3345 et seq.  Moreover, 5 U.S.C. § 3345(a)(3) is unconstitutional under the Appointments Clause insofar as it permits the President (1) to designate a mere employee to act as an officer and (2) to bypass an available "first assistant" by designating a non-Senate confirmed officer who is not the "first assistant" to act as the principal.  Thus, Mr. Whitaker was not authorized to sign the Rule, and the Rule cannot go into effect without irreparably harming Plaintiff and its members.  Accordingly, the declaratory, injunctive, and other relief requested herein is necessary to prevent the implementation or enforcement of this illegal regulation. against the government's policy of using the FVRA to displace acting principal officers automatically designated by office-specific statutes like the Attorney General Succession Act.  28 U.S.C. § 508.  Doing so violates the office-specific statutes and the terms of the FVRA.

2. Plaintiff also seeks a declaration that Mr. Whitaker's issuance of a regulation banning "bump stocks" on December 18, 2018, *see* Bump-Stock-Type Devices (Final Rule), 83 Fed. Reg. 66514 (Dec. 26, 2018), http://bit.ly/2ER6BZV, wholly apart from Attorney General William Barr's ratification of the Final Rule on March 14, 2019, caused plaintiff and its bump-stock owning members injury from its inception by depriving plaintiff and its members of their right to alienate their property.  Plaintiff and some of plaintiff's members owned such devices, and could not alienate their bump stocks during the entire period that the Final Rule has existed.  And Mr. Whitaker was designated as Acting Attorney General in violation of the Appointments Clause and applicable statutes.  His unlawful action thus harmed plaintiff and its members directly, from the

2

moment he issued the Final Rule, and Mr. Barr's ratification of the Final Rule did not cure the harm plaintiff and its members already suffered.

3. Plaintiff brings its causes of action pursuant to the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.*, this Court's equitable jurisdiction to enjoin "violations of federal law by federal officials," *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015), and the "implied private right of action directly under the Constitution to challenge governmental action under the Appointments Clause," *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010). The Court has authority to issue a declaratory judgment under 28 U.S.C. §§ 2201-2202, and injunctive relief in its equitable discretion, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 32 (2008).

4. Plaintiff has standing to challenge the government's FVRA policy, because plaintiff was harmed when the President designated Mr. Whitaker as Acting Attorney General pursuant to that policy—in violation of the Appointments Clause and applicable statutes—and Mr. Whitaker took direct action that harmed plaintiff and its members, harm that was not cured by Mr. Barr's ratification of the Final Rule. Thus, plaintiff has the right to challenge the government's policy under the Appointments Clause, regardless of whether another, lawful official would have made the same decision. *See Landry v. FDIC*, 204 F.3d 1125, 1130-32 (D.C. Cir. 2000) (collecting authorities).

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§ 702, 704, and 28 U.S.C. § 1331. Venue is appropriate pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391.

3

## PARTIES

~~5~~6.     Plaintiff Firearms Policy Coalition, Inc. (FPC) is a 501(c)(4) non-profit organization incorporated under the laws of Delaware.  <ins>FPC has hundreds of thousands of members and supporters across the United States.</ins> FPC serves its members and the public through direct legislative advocacy, grassroots advocacy, legal efforts, research, education, operation of a Hotline, and other programs.  The purposes of FPC include defending the United States Constitution and the People's rights, privileges, and immunities deeply rooted in the Nation's history and tradition, especially the fundamental right to keep and bear arms.  ~~On January 25, 2018, FPC submitted comments in response to the Advance Notice of Proposed Rulemaking, concerning the Rule.  And on June 19, 2018, FPC submitted comments in response and opposition to the Notice of Proposed Rulemaking concerning the Rule.~~  FPC owns a "bump stock-type device," specifically, a Slide Fire® SSAR-15® SBS Bump Fire stock~~.~~<ins>, of which FPC has transferred full legal possession and control to a sister organization currently protected from the effective date of the Final Rule by an administrative stay.</ins>  FPC represents members and supporters throughout the United States who also ~~own and possess~~<ins>owned</ins> bump-stock-type devices <ins>at the time Mr. Whitaker signed the Final Rule on December 18, 2018</ins>.

~~6.~~<ins>7.</ins>     Defendant ~~U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (~~ATF~~)~~ is the federal ~~government~~ agency responsible for promulgating and enforcing regulations ~~for the Firearms Industry~~ under the ~~statutory provisions of the Gun Control Act and the~~ National Firearms Act<ins>, 26 U.S.C. § 5841 et seq., and Gun Control Act, 18 U.S.C. § 921 et seq.</ins>, on which ATF ~~has~~ relied ~~as the ostensible basis for its authority to issue~~<ins>in promulgating</ins> the Final Rule.

~~7.~~<ins>8.</ins>     Defendant Thomas E. Brandon is the Acting Director of ATF, and he is sued in his official capacity.  ~~ATF~~<ins>Among other things, he</ins> is responsible for~~, among other things, regulating and~~

4

licensing the sale, possession, transfer, and transportation of firearms and ammunition in interstate commerce, including "machineguns" as that term is defined under the National Firearms Act, 26 U.S.C. § 5841 *et seq.*, and the Gun Control Act, 18 U.S.C. § 921 *et seq.*, and any purported agency regulations of ATF. As Acting Director of ATF, defendant Brandon is responsible for the creation, implementation, execution, and administration of the laws, regulations, customs, practices, and policies of the United States, including implementation and enforcement of the implementing and enforcing the Final Rule.

9. Defendant Matthew G. Whitaker is the former Chief of Staff to U.S. the Attorney General Jefferson B. Sessions III, a position that does not require Senate confirmation., who was designated to act as the Attorney General. Among other things, the Attorney General is responsible for implementation implementing and enforcement of enforcing the Final Rule. Homeland Security Act of 2002, Pub. L. 107-296, 116 Stat. 2135, 2277 (transferring the functions of ATF from the Department of the Treasury to the Department of Justice, under the general authority of the Attorney General)., http://bit.ly/2AjB6V3; *see* 26 U.S.C. §§ 7801(a)(2), 7805; 28 U.S.C. § 599A(c)(1). Mr. Whitaker When he was unlawfully designated Acting Attorney General, he implemented the Final Rule.

8.10. Defendant William P. Barr is the Attorney General of the United States. He was sworn into that role on November 8, 2018, and signed the Rule which was entered in the Federal Register on December 26, 2018 February 14, 2019.

9.11. Defendant United States of America is a proper party in this action pursuant to 5 U.S.C. §§ 702, 703, and the declaratory and equitable relief Plaintiff plaintiff seeks.

5

**FACTUAL ALLEGATIONS**

12.     On November 7, 2018, the President forced the resignation of Attorney General Jefferson Sessions III.  Deputy Attorney General Rod Rosenstein automatically became the Acting Attorney General by operation of law.  28 U.S.C. § 508(a).  The next day, the President displaced Acting Attorney General Rosenstein pursuant to an explicit executive policy, invoking the FVRA to direct an employee, former Chief of Staff Matthew Whitaker, to perform the functions of the Attorney General.  This violated the Appointments Clause, the FVRA, and 28 U.S.C. § 508(a).

13.     The President directed Mr. Whitaker to act as Attorney General pursuant to an explicit executive policy of using the FVRA to designate an employee like Mr. Whitaker as any officer, including a principal officer, and even when the principal officer's first assistant is available to serve and an office-specific designation statute automatically designated the first assistant to act during the absence or vacancy.  The government has acknowledged this executive policy in this very case, arguing:  "Presidents have consistently and explicitly invoked their FVRA authority to make acting officer designations that would be barred if the office-specific statutes were read to set out exclusive, mandatory succession plans, as Plaintiffs suggest.  Using their FVRA authority, multiple Presidents have long provided for orders of succession for offices covered by office-specific statutes and individually designated someone other than the deputy designated in an office-specific statute to serve as the acting agency head.  Notably, such FVRA designations have even bypassed the extant deputy designated in the office-specific statute."  ECF No. 16 at 51-52 (footnotes omitted).

14.     The Office of Legal Counsel first endorsed this policy in 2003, when it advised that the President can use the FVRA to direct an employee to temporarily perform all the functions of any officer.  *Designation of Acting Director of the Office of Management and Budget*, 27 Op. OLC

121 (2003).  The Office of Legal Counsel has maintained this view ever since, explicitly reaffirming that position twice in the last three years, and clarifying that the FVRA can even be used to displace an officer designated by an office-specific designation statute.  *Designating an Acting Attorney General*, 42 Op. O.L.C. __ (Nov. 14, 2018), slip op., http://bit.ly/2B3ilF8, *Designating an Acting Director of the Bureau of Consumer Financial Protection*, 41 Op. O.L.C. __ (Nov. 25, 2017), slip op., https://bit.ly/2XAM7v5.  President Trump has also expressed that he "like[s]" using "acting" Cabinet officers because he "can move so quickly," and using acting Cabinet officers gives him "more flexibility."  *See Transcript:  President Trump on "Face the Nation," February 3, 2019*, CBS News (Feb. 3, 2019), https://cbsn.ws/2U1LfBA.

10. Mr. ~~On December 26, 2017, ATF published the Advance Notice of Proposed Rulemaking in the Federal Register and on federalregister.gov, seeking public input concerning its proposed new treatment of "bump-stock-type" devices under the Final Rule. 82 Fed. Reg. at 60929; http://bit.ly/2EFyuUk.~~

11. ~~~~ Whitaker personally executed the Final Rule on December 18, 2018, which was published in the Federal Register on December 26, 2018.  *See* https://bit.ly/2T4wA3I; 83 Fed. Reg. 66514 (Dec. ~~In the Advance Notice of Proposed Rulemaking, ATF sought certain information pertaining to bump stocks including, but not limited to:  calendar years produced; economic impact of ATF classifying bump stocks as machine guns; use(s) for which the device was marketed; number of bump stocks sold; and purposes bump stocks are used for.~~

12. ~~On January 25, 2018, FPC submitted comments to the Advance Notice of Proposed Rulemaking opposing the Rule.  (Docket No. 2017R-22, Docket ID ATF2018-0001.)   82 Fed. Reg. at 60929.~~

13. ~~On March 29, 2018, ATF published its Notice of Proposed Rulemaking concerning the Rule in the Federal Register and on federalregister.gov. 83 Fed. Reg. at 13442; http://bit.ly/2PPIQ6d. Comments were required to be submitted on or before June 27, 2018. Fed. Reg. at 13446.~~

14. ~~FPC submitted its comment opposing the Rule on June 19, 2018. This comment was posted publicly on Regulations.gov on June 26, 2018. *See* http://bit.ly/2EIUYom. In its Comment, FPC documented numerous deficiencies regarding ATF's Notice of Proposed Rulemaking.~~

15. ~~On December 18, 2018, Mr. Whitaker personally executed the Rule, thereby purportedly making the Rule effective, RIN 1140-AA52, Docket No 2018R-22F.~~

16. ~~The Rule, executed by Mr. Whitaker, was published and otherwise made available online on December 18, 2018, at https://www.justice.gov/opa/pr/department-justice-announces-bump-stock-type-devices-final-rule,[1] and www.atf.gov/rules-and-regulations/bump-stocks,[2] and FPC obtained and reviewed the Rule on that date. On December 21, 2018, a link to the Rule was published on the Federal Register website. *See* http://bit.ly/2rQdt1N.~~

15. ~~The Rule was published in the Federal Register on Wednesday, December 26, 2018. Bump-Stock-Type Devices, 83 Fed.~~ 26, 2018). In addition to effectively depriving plaintiff and its members of their rights to possess, transfer, and sell their bump stocks, the Final Rule required them to destroy their bump stocks by March 26, 2019, or risk facing severe criminal penalties. Plaintiff and its members thus lost their property right to alienate their bump stocks from the

---

[1] ~~On DOJ's website, it declares: "Today, Acting Attorney General Matthew Whitaker announced that the Department of Justice has amended the regulations of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), clarifying that bump stocks fall within the definition of 'machinegun' under federal law, as such devices allow a shooter of a semiautomatic firearm to initiate a continuous firing cycle with a single pull of the trigger."~~

[2] ~~On ATF's website, it specifies: "On December 18, 2018, Acting Attorney General Matthew Whitaker announced that the Department of Justice has amended the regulations of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), clarifying that bump stocks fall within the definition of 'machinegun' under federal law, as such devices allow a shooter of a semiautomatic firearm to initiate a continuous firing cycle with a single pull of the trigger."~~

moment the Final Rule was authorized by Mr. Whitaker. From the time of the Final Rule's inception, no reasonable person would purchase a bump stock, because no reasonable person would buy an item when it would soon have to be destroyed to avoid severe criminal sanctions.

16. The government sought to evade an adjudication of the lawfulness of Mr. Whitaker's designation by having him refrain from taking actions that were subject to a justifiable challenge and by refusing to disclose whether he was participating in matters. *See, e.g.*, Sadie Gurman & Aruna Viswanatha, *Declining to Recuse, Whitaker Extends Reputation for Political Instinct*, Wall Street Journal (Dec. 22, 2018), https://on.wsj.com/2Vi3r7g; Devlin Barrett, *Senior Justice Dept. Officials Told Whitaker Signing Gun Regulation Might Prompt Successful Challenge to His Appointment*, Wash. Post (Dec. 21, 2018), https://wapo.st/2CEjTHE. For example, in other challenges, the government evaded judicial review by categorically refusing even to acknowledge whether Mr. Whitaker supervised any piece of the litigation, except in one instance in which it avoided review by affirmatively acknowledging that he was recusing himself. *Michaels v. Whitaker*, No. 18-cv-2906, ECF No. 21 at 2 (D.D.C. Dec. 17, 2018).

~~17.~~ As the facts of this case bear out, the government's FVRA policy ~~Reg. 66514 (Dec. 26, 2018) (to be codified at 27 C.F.R. Parts 447, 478, and 479), http://bit.ly/2ER6BZV.~~

~~18. The Rule, spanning 41 pages, implements changes to 27 C.F.R. ¶¶ 447.11, 478.11, 479.11, almost identical to the proposed changes in the Notice of Proposed Rulemaking.~~

~~19. For the reasons set forth in the Motion for Preliminary Injunction, or, in the Alternative, Permanent Injunction and Declaratory Relief and memorandum in support, the designation of Mr. Whitaker as Acting Attorney General violates the Appointments Clause of the Constitution, U.S. Const. art. II, § 2, cl. 2, and is not authorized by the Vacancies Act, 5 U.S.C. § 3345 *et seq*. FPC~~

~~and its members are injured because Mr. Whitaker's designation violates the Appointments Clause, and he took direct action that affects FPC and its members personally.~~

17. <ins>violates the Appointments Clause and also the express terms of the FVRA: Mr. Whitaker's designation as Acting Attorney General violated the Appointments Clause, U.S. Const. art. II, § 2, cl. 2; Mr. Whitaker's designation violated the Attorney General Succession Act, 28 U.S.C. § 508, because when such office-specific statute designates the official who will serve during an absence or vacancy, the FVRA by its terms does not apply, 5 U.S.C. § 3347(a)(1)(B); the FVRA is unconstitutional insofar as it permits the President to designate an employee, such as the Chief of Staff, to act as an officer, *id.* § 3345(a)(3); and the FVRA is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating a non-Senate confirmed "officer or employee," who is not the first assistant, to act as a principal officer, *id.*</ins>

### **COUNT I:** CLAIM ~~I: PRELIMINARY~~<ins>FOR</ins> INJUNCTION ~~PREVENTING THE RULE FROM TAKING EFFECT~~

~~20. Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.~~

~~21. For the reasons alleged here and set forth in the memorandum of law accompanying plaintiff's motion, plaintiff is entitled to injunctive relief preventing the Rule from taking effect, if at all, for 90 days after the exhaustion of all appeals in this matter. FPC has established that it is likely to prevail on the merits; "is likely to suffer irreparable harm in the absence of preliminary relief"; and the "balance of equities" and "public interest" overwhelmingly favor enjoining the Rule because it was unlawfully signed by Mr. Whitaker. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).~~

~~22. For the reasons given in the supporting memorandum, FPC is substantially likely to prevail on the merits: Mr. Whitaker's designation as Acting Attorney General violates both the~~

10

~~Constitution's Appointments Clause, U.S. Const. art. II, § 2, cl. 2, and the applicable statutes, 28 U.S.C. § 508; 5 U.S.C. § 3345 *et seq*. Thus, he was not authorized to sign the Rule, and the Rule thus violates the APA.~~

~~23. FPC has standing to bring this action and to seek injunctive relief. To date, the federal government has not prohibited the possession, transfer, and sale of bump stock devices. The Rule for the first time defines "bump-stock-type devices" as illegal machineguns under federal law. FPC owns such a device and also is a membership organization with members who own such devices. *See* Appendix B to Motion for Preliminary Injunction, or, in the Alternative, Permanent Injunction and Declaratory Judgment (Declaration of Brandon Combs, President of Firearms Policy Coalition, Inc.). The Rule requires that those devices be destroyed to avoid criminal prosecution.~~

~~24. Injunctive relief is warranted. The window prior to the Rule's effective date is the only period in which any owner of a bump stock may dispose of it to avoid prosecution. The Department of Justice has represented: "persons in possession of bump-stock-type devices must divest themselves of the devices before the effective date of the final rule." Department of Justice, *Department of Justice Announces Bump Stock Type Devices Final Rule* (Dec. 18, 2018), https://bit.ly/2EAjkzY.~~

~~25. Injunctive relief is the only means both to protect the interests of FPC and its members from irreparable injury, and also to ensure that the lawfulness of the Rule can be determined in this Court and on appeal before its effective date. Publication is an official act taken in violation of the Appointments Clause. It makes no difference if another official would make the same decision. *See Landry v. FDIC*, 204 F.3d 1125, 1130-32 (D.C. Cir. 2000) (collecting authorities). The violation of FPC's constitutional rights cannot be vindicated by later money damages.~~

26. ~~Moreover, even the pendency of the Rule effectively eliminates the property right of FPC and its members to transfer or sell their bump-stock devices; no reasonable person would accept or buy a device that it will be a crime to possess.~~

27. ~~Further, while a court challenge is pending, FPC and its members understandably will be left in a state of great uncertainty regarding whether to take steps to destroy the devices. Any act to do so "must render the device incapable of being readily restored to its intended function." Department of Justice, *Department of Justice Announces Bump Stock Type Devices Final Rule* (Dec. 18, 2018), https://bit.ly/2EAjkzY. If the courts then ultimately sustain the Rule close to its effective date—or if the rules are invalidated at that time, but reissued in a valid manner without another delayed effective date—FPC and its members risk being subjected to criminal prosecution because they cannot sufficiently dispose of the devices in time.~~

28. ~~Injunctive relief is also in the public interest, a fact that even supporters of the Rule should recognize. This Court's expedited disposition of the Motion for Preliminary Injunction will allow the case to be reviewed through the appeals process without the Rule taking effect. If the Rule is sustained, then it can take effect 90 days after all appeals are exhausted. If the Rule is invalidated, then a properly appointed Acting Attorney General can determine whether to reissue it.~~

### ~~CLAIM II: PERMANENT INJUNCTION PREVENTING THE RULE FROM TAKING EFFECT~~

29. ~~Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.~~

30. ~~For the same reasons as those outlined above, FPC is entitled to a permanent injunction against the Rule. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 32 (2008) (only difference between factors for preliminary and permanent injunction is that for preliminary relief, plaintiff~~

~~need only show a "likelihood of success," and for permanent relief, plaintiff must succeed on the merits).~~

### ~~CLAIM III: INJUNCTION UNDER *ARMSTRONG*~~ AGAINST ~~MATTHEW WHITAKER FROM EXERCISING AUTHORITY AS THE ACTING ATTORNEY GENERAL~~THE EXECUTIVE'S FVRA POLICY

~~31. Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.~~

~~32. FPC has standing to bring this action challenging Mr. Whitaker's authority. Mr. Whitaker executed the Rule, divesting FPC and its members of their right to possess, transfer, and sell bump stock-type devices. FPC owns such a device and also is a membership organization with members who own such devices. Mr. Whitaker thus took a direct action that injures FPC and its members, and FPC has the right to challenge his authority to do so under *Landry v. FDIC*, 204 F.3d 1125, 1130 (D.C. Cir. 2000) (standing to challenge decision of officer exercising authority in violation of Appointments Clause, whether a different, lawful officer would make same decision).~~

~~33. The Court has authority to enjoin "violations of federal law by federal officials." *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015). Thus, the Court should enjoin Mr. Whitaker from exercising authority as the Acting Attorney General.~~

### ~~CLAIM IV: DECLARATORY JUDGMENT~~

~~34. Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.~~

~~35. Plaintiff is entitled to a declaration that the Rule is invalid as signed by Mr. Whitaker and that Mr. Whitaker's designation violates the Constitutional and federal law, such that he is not lawfully the Acting Attorney General. *See* 28 U.S.C. §§ 2201-2202.~~

### ~~CLAIM V: DECLARATORY JUDGMENT~~

~~36.~~ 18. Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

~~37. Mr. Whitaker's designation as Acting Attorney General pursuant to 5 U.S.C. § 3345(a)(3) violates 28 U.S.C. § 508 and the Constitution's Appointments Clause, U.S. Const. art. II, § 2, cl. 2.~~

~~38. Thus, plaintiff is entitled to a declaration that the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, does not apply when there is an office-specific designation statute, such as the one for the Office of the Attorney General, 28 U.S.C. § 508, and the designated official is available to serve.~~

### ~~CLAIM VI: DECLARATORY JUDGMENT~~

~~39. Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.~~

~~40. Mr. Whitaker was an employee designated to act as Attorney General pursuant to 5 U.S.C. § 3345(a)(3), in violation of the Constitution's Appointments Clause, U.S. Const. art. II, § 2, cl. 2.~~

~~41.~~ Thus, plaintiff is entitled to a declaration that 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to designate an employee, such as the Chief of Staff, to act as an officer in violation of the Appointments Clause.

19. ~~CLAIM VII:~~ Plaintiff is entitled to injunctive relief preventing the government from using its FVRA policy to designate an employee to act as an officer, to designate a non-Senate confirmed official or employee to act as a principal officer during an absence or vacancy when that officer's first assistant is available to serve, and to displace the acting principal officer designated by an office-specific designation statute. *Winter*, 555 U.S. at 32 (permanent injunction appropriate where plaintiff succeeds on the merits, would suffer irreparable harm without one, and balance of equities and public interest weigh in favor of injunction).

## COUNT II:  CLAIMS FOR DECLARATORY JUDGMENT

42. 20.  Plaintiff realleges and incorporates herein by reference every allegation and paragraph set forth above.

21. Plaintiff is entitled to a declaration that the Final Rule unconstitutionally and unlawfully caused plaintiff and its members harm from the Final Rule's inception, because it deprived plaintiff and its members of their property right to alienate their bump stocks from the day it was signed, and Mr. Whitaker was not constitutionally or statutorily authorized to issue the Final Rule on December 18, 2018.

22. Plaintiff is entitled to a declaration that issuance of the Final Rule by Mr. Whitaker on December 18, 2018, wholly apart from Mr. Barr's ratification on March 14, 2019, was illegal, because plaintiff and its members were injured from the Final Rule's inception, and Mr. Whitaker was not constitutionally or statutorily authorized to issue the Final Rule on December 18, 2018.

23. Plaintiff is entitled to a declaration that Mr. Barr's ratification does not cure the harm that plaintiff and its members already suffered during the period between Mr. Whitaker's unconstitutional and unlawful issuance of the Final Rule on December 18, 2018, and Mr. Barr's ratification on March 14, 2019.

24. Plaintiff is entitled to a declaration that the government's policy of using the FVRA to designate an employee to act as an officer, to designate a non-Senate confirmed official or employee to act as a principal officer during an absence or vacancy when that officer's first assistant is available to serve, and to displace the acting principal officer designated by an office-specific designation statute, violates the Constitution's Appointments Clause and applicable statutes.

25. The available Deputy Attorney General was automatically designated to serve as Acting Attorney General when former Attorney General Sessions resigned, by operation of 28 U.S.C.

15

§ 508, such that the FVRA by its terms did not apply. Thus, plaintiff is entitled to a declaration that the FVRA does not apply when there is an office-specific designation statute, such as 28 U.S.C. § 508, and the designated official is available to serve.

26. Mr. Whitaker was directed to act as Attorney General pursuant to 5 U.S.C. § 3345(a)(3) when the "first assistant,"). Thus, plaintiff is entitled to a declaration that § 3345(a)(3) is unconstitutional insofar as it permits the President to direct an employee, such as the Chief of Staff, to act as an "officer."

43. The "first assistant" by law, Deputy Attorney General Rod Rosenstein under 28 U.S.C. § 508, was available to serve, which violated the Constitution's Appointments Clause, U.S. Const. art. II, § 2, cl. 2.

44.27. when Mr. Sessions resigned. Thus, plaintiff is entitled to a declaration that 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating aan employee or non-Senate confirmed officerofficial who is not the first assistant to act as a principal officer, in violation of the Appointments Clause.

### REQUEST FOR RELIEF

For the foregoing reasons, as well as those set forth in the motion and memorandum for injunction and declaratory relief, plaintiff respectfully requests that the Court enter an ORDER that:

(a) ENJOINS the Rule, Bump-Stock-Type Devices, 83 Fed. Reg. 66514 (Dec. 26, 2018), from going into effect, if at all, for at least 90 days after resolution of this action and all appeals;

(b) ENJOINS Matthew G. Whitaker from exercising any authority as Acting Attorney General, in this or any other matter;

(a) ENJOINS the government's policy of using the FVRA to designate an employee to act as an officer, to designate a non-Senate confirmed official or employee to act as a principal officer during an absence or vacancy when that officer's first assistant is available to serve, and to displace the acting principal officer designated by an office-specific designation statute;

(c) DECLARES that the ~~Rule is invalid~~ government's policy of using the FVRA to designate an employee to act as an officer, to designate a non-Senate confirmed official or employee to act as ~~signed by Matthew G. Whitaker~~;

(b) ~~DECLARES that Matthew G. Whitaker's designation as the Acting Attorney General~~ a principal officer during an absence or vacancy when that officer's first assistant is available to serve, and to displace the acting principal officer designated by an office-specific designation statute, violates the Constitution's Appointments Clause and applicable statutes, 5 U.S.C. § 3345 *et seq.*; 28 U.S.C. § 508;

(c) DECLARES that the Final Rule unconstitutionally and unlawfully caused plaintiff and its members harm from its inception, because it deprived plaintiff and its members of their property right to alienate their bump stocks from the day the Final Rule was signed, and Mr. Whitaker was not constitutionally or statutorily authorized to issue the Final Rule on December 18, 2018;

(d) DECLARES that issuance of the Final Rule by Mr. Whitaker on December 18, 2018, wholly apart from Mr. Barr's ratification on March 14, 2019, was illegal, because plaintiff and its members were injured from the Final Rule's inception, and Mr. Whitaker was not constitutionally or statutorily authorized to issue the Final Rule on December 18, 2018;

17

(e) DECLARES that Mr. Barr's ratification does not cure the harm that plaintiff and its members already suffered during the period between Mr. Whitaker's unconstitutional and unlawful issuance of the Final Rule on December 18, 2018, and Mr. Barr's ratification on March 14, 2019;

(f) DECLARES that Matthew G. Whitaker's designation as the Acting Attorney General violated the Appointments Clause;

~~(d)~~(g) DECLARES that Matthew G. Whitaker's designation as the Acting Attorney General violated 28 U.S.C. § 508, because 5 U.S.C. § 3345 *et seq.* does not apply when an office-specific statute like 28 U.S.C. § 508 designates an official to serve during an absence or vacancy;

~~(e)~~(h) DECLARES that the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, does not apply when there is an office-specific designation statute, such as 28 U.S.C. § 508, and the designated official is available to serve;

~~(f)~~(i) DECLARES that 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to designate an employee, such as the Chief of Staff, to act as an officer in violation of the Appointments Clause; and

~~(g)~~(j) DECLARES that 5 U.S.C. § 3345(a)(3) is unconstitutional insofar as it permits the President to bypass an available "first assistant" by designating an employee or a non-Senate confirmed officer who is not the first assistant to act as a principal officer, in violation of the Appointments Clause~~; and~~.

~~(h) DECLARES that Matthew G. Whitaker is not the Acting Attorney General.~~

18

Date:  ~~January 28~~April 5, 2019                              Respectfully submitted,

By:  /s/ Thomas C. Goldstein

Thomas C. Goldstein (Bar No. 458365)
TGoldstein@goldsteinrussell.com
Daniel Woofter (*Pro Hac Vice*)
DHWoofter@goldsteinrussell.com
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814
(202) 362-0636

*Attorneys for Plaintiff Firearms Policy Coalition, Inc.*