APPEAL,CONSOL,TYPE–D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:18–cv–02988–DLF</u>

GUEDES et al v. BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES et al
Assigned to: Judge Dabney L. Friedrich
Member case:
    1:18–cv–03083–DLF
 Case:  1:18–cv–03086–DLF
 Case in other court:   USCA, 19–05042
                  USCA, 19–05043
Cause: 05:551 Administrative Procedure Act

Date Filed: 12/18/2018
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**DAMIEN GUEDES**

represented by **Joshua G Prince**
CIVIL RIGHTS DEFENSE FIRM, P.C.
646 Lenape Rd.
Bechtelsville, PA 19505
888–202–9297
Fax: (610) 400–8439
Email: <u>Joshua@CivilRightsDefenseFirm.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam J. Kraut**
PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845–3803
Fax: (610) 845–3903
Email: <u>akraut@princelaw.com</u>
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**FIREARMS POLICY COALITION,
INC.**
*CA 18–3083*

represented by **Joshua G Prince**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas C. Goldstein**
GOLDSTEIN & RUSSELL P.C.
Partner/Owner
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814
(202) 362–0636
Email: <u>tgoldstein@goldsteinrussell.com</u>

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel H. Woofter**
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814
(202) 362–0636
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Adam J. Kraut**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FIREARMS POLICY FOUNDATION**          represented by   **Joshua G Prince**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam J. Kraut**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MADISON SOCIETY**          represented by   **Joshua G Prince**
**FOUNDATION, INC.**                          (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam J. Kraut**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SHANE RODEN**          represented by   **Joshua G Prince**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam J. Kraut**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FLORIDA CARRY, INC.**          represented by   **Joshua G Prince**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Adam J. Kraut**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES** | represented by | **Chetan A. Patil** |

U.S. DEPARTMENT OF JUSTICE
Civil Division
1100 L Street, NW
Room 12518
Washington, DC 20530
(202) 305–4968
Fax: (202) 616–8470
Email: chetan.patil@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric J. Soskin**
U.S. DEPARTMENT OF JUSTICE
Federal Programs Branch
1100 L Street NW
Room 12002
Washington, DC 20005
202–353–0533
Email: eric.soskin@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rebecca Marie Cutri–Kohart**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 514–0265
Fax: (202) 616–8460
Email: rebecca.cutri–kohart@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hashim M. Mooppan**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 307–5906
Email: hashim.mooppan@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**MATTHEW WHITAKER**                    represented by    **Chetan A. Patil**
*in his official capacity as Acting Attorney*            (See above for address)
*General of the United States*                           *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Eric J. Soskin**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Rebecca Marie Cutri–Kohart**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Hashim M. Mooppan**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**THOMAS E. BRANDON**                   represented by    **Chetan A. Patil**
*in his official capacity as Acting Director*            (See above for address)
*of the Bureau of Alcohol, Tobacco,*                     *LEAD ATTORNEY*
*Firearms and Explosives*                                *ATTORNEY TO BE NOTICED*

                                                         **Eric J. Soskin**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Rebecca Marie Cutri–Kohart**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Hashim M. Mooppan**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES OF AMERICA**            represented by    **Chetan A. Patil**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Eric J. Soskin**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

Rebecca Marie Cutri–Kohart
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Hashim M. Mooppan
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/18/2018 | 1 | | COMPLAINT against All Defendants ( Filing fee $ 400 receipt number 0090–5846088) filed by FIREARMS POLICY FOUNDATION, FIREARMS POLICY COALITION, INC., DAMIEN GUEDES, MADISON SOCIETY FOUNDATION, INC.. (Attachments: # 1 Notice of Exhibits, # 2 Exhibit A Part I, # 3 Exhibit A Part II, # 4 Corporate Disclosure Statement, # 5 Civil Cover Sheet, # 6 Summons, # 7 Executed Final Rule)(Kraut, Adam) (Entered: 12/18/2018) |
| 12/18/2018 | 2 | | MOTION for Preliminary Injunction by FIREARMS POLICY COALITION, INC., FIREARMS POLICY FOUNDATION, DAMIEN GUEDES, MADISON SOCIETY FOUNDATION, INC. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Brandon Combs, # 3 Text of Proposed Order, # 4 Certificate of Service)(Kraut, Adam) (Entered: 12/18/2018) |
| 12/18/2018 | 3 | | NOTICE of Appearance by Joshua G Prince on behalf of All Plaintiffs (Prince, Joshua) (Entered: 12/18/2018) |
| 12/19/2018 | 4 | | STIPULATION *of Extension of Briefing Schedule for Plaintiffs' Motion for Preliminary Injunction, ECF No. 2,* by THOMAS E. BRANDON, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, UNITED STATES OF AMERICA, MATTHEW WHITAKER. (Attachments: # 1 Text of Proposed Order)(Soskin, Eric) (Entered: 12/19/2018) |
| 12/20/2018 | 5 | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by FIREARMS POLICY COALITION, INC., FIREARMS POLICY FOUNDATION, DAMIEN GUEDES, MADISON SOCIETY FOUNDATION, INC. (Kraut, Adam) (Entered: 12/20/2018) |
| 12/20/2018 | | | Case Assigned to Judge Dabney L. Friedrich. (zmd) (Entered: 12/20/2018) |
| 12/21/2018 | 6 | | SUMMONS (4) Issued Electronically as to THOMAS E. BRANDON, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, UNITED STATES OF AMERICA, MATTHEW WHITAKER, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(zsb) (Entered: 12/21/2018) |
| 12/21/2018 | | | MINUTE ORDER. The parties have jointly requested that the Court extend the time for briefing on the plaintiffs' 2 Motion for Preliminary Injunction. *See* Stipulated Extension of Briefing Schedule for Plaintiffs' Motion for Preliminary Injunction, Dkt. 4. In light of the parties' stipulation, it is ORDERED that the defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction shall be filed on or before December 31, 2018, and the plaintiffs' Reply in Support of the Motion for Preliminary Injunction shall be filed on or before January 7, 2019. |

5

| | | |
|---|---|---|
| | | Consistent with the parties' proposal, the Court also ORDERS that the parties appear for a hearing on the preliminary injunction at 10:00 a.m. on January 11, 2019. Because the parties have consented to a hearing on this date, the Court finds that holding the hearing on January 11, 2019 will not prejudice the parties within the meaning of Local Rule 65.1(d). Signed by Judge Dabney L. Friedrich on December 21, 2018. (lcdlf2) (Entered: 12/21/2018) |
| 12/26/2018 | | Set/Reset Deadlines/Hearings: Response to Motion for Preliminary Injunction due by 12/31/2018. Reply to Motion for Preliminary Injunction due by 1/7/2019. Preliminary Injunction Hearing set for 1/11/2019 at 10:00 AM in Courtroom 12 before Judge Dabney L. Friedrich. (kh) (Entered: 12/26/2018) |
| 12/26/2018 | 7 | MOTION to Stay *Proceedings in Light of Lapse of Appropriations* by THOMAS E. BRANDON, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, UNITED STATES OF AMERICA, MATTHEW WHITAKER (Attachments: # 1 Text of Proposed Order)(Soskin, Eric) (Entered: 12/26/2018) |
| 12/26/2018 | 8 | NOTICE of Voluntary Dismissal re Firearms Policy Coalition, Inc. (Kraut, Adam) (Entered: 12/26/2018) |
| 12/26/2018 | 9 | AMENDED COMPLAINT against All Defendants filed by FIREARMS POLICY FOUNDATION, DAMIEN GUEDES, MADISON SOCIETY FOUNDATION, INC., SHANE RODEN, FLORIDA CARRY, INC.. (Attachments: # 1 Exhibit A Part I, # 2 Exhibit A Part II, # 3 Declaration of Sean Caranna, # 4 Declaration of Jonathan Jensen, # 5 Declaration of the Honorable Shane Roden)(Kraut, Adam) (Entered: 12/26/2018) |
| 12/26/2018 | 10 | NOTICE of Appearance by Joshua G Prince on behalf of All Plaintiffs (Prince, Joshua) (Entered: 12/26/2018) |
| 12/27/2018 | | MINUTE ORDER dismissing plaintiff Firearms Policy Coalition, Inc. in light of the plaintiffs' 8 Notice of Voluntary Dismissal. *See* Fed. R. Civ. P. 41(a). Signed by Judge Dabney L. Friedrich on December 27, 2018. (lcdlf2) (Entered: 12/27/2018) |
| 12/27/2018 | | MINUTE ORDER granting the defendants' 7 Motion for a Stay of All Proceedings in Light of Lapse of Appropriations. Accordingly, it is ORDERED that all proceedings in this matter are STAYED until Congress has restored appropriations to the Department of Justice. It is further ORDERED that the defendants shall promptly notify the Court as soon as appropriations are restored, and at that time, the parties shall file a joint status report proposing a revised briefing schedule. Signed by Judge Dabney L. Friedrich on December 27, 2018. (lcdlf2) (Entered: 12/27/2018) |
| 12/31/2018 | 11 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by FLORIDA CARRY, INC. (Kraut, Adam) (Entered: 12/31/2018) |
| 12/31/2018 | 12 | MOTION to Lift Stay by FIREARMS POLICY FOUNDATION, FLORIDA CARRY, INC., DAMIEN GUEDES, MADISON SOCIETY FOUNDATION, INC., SHANE RODEN (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support)(Kraut, Adam) (Entered: 12/31/2018) |
| 12/31/2018 | 13 | |

| | | |
|---|---|---|
| | | Memorandum in opposition to re 12 MOTION to Lift Stay filed by THOMAS E. BRANDON, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, UNITED STATES OF AMERICA, MATTHEW WHITAKER. (Soskin, Eric) (Entered: 12/31/2018) |
| 01/03/2019 | | MINUTE ORDER scheduling a telephonic status conference on the plaintiffs' 12 Motion to Lift Stay of Proceedings for 11:00 a.m. on January 8, 2019. Signed by Judge Dabney L. Friedrich on January 3, 2019. (lcdlf2) (Entered: 01/03/2019) |
| 01/03/2019 | | Set/Reset Deadlines/Hearings: Telephone Conference set for 1/8/2019 at 11:00 AM in Courtroom 12 before Judge Dabney L. Friedrich. (jl) (Entered: 01/03/2019) |
| 01/08/2019 | | MINUTE ORDER. It is hereby ordered that this case be consolidated with *Firearms Policy Coalition, Inc. v. Whitaker* (No. 18–3083). Once the stay is lifted, the Court will issue a briefing schedule to address the plaintiffs' pending motions for a preliminary injunction. Signed by Judge Dabney L. Friedrich on January 8, 2019. (lcdlf2) (Entered: 01/08/2019) |
| 01/08/2019 | | Cases consolidated. Cases 18–cv–2988 and 18–cv–3083 have been consolidated pursuant to Minute Order entered on 1/8/2019. All filings shall be made only in the LEAD CASE No. 18–cv–2988 and parties shall NOT elect to spread text when filing on ECF, as this will result in repetitive docketing. (tth) (Entered: 01/09/2019) |
| 01/08/2019 | | Minute Entry for proceedings held before Judge Dabney L. Friedrich: Telephone Conference held on 1/8/2019. MOTION 5 in related case (18–CV–3083) GRANTED by Oral Order of the Court. (Court Reporter: Sara Wick.) (jl) (Entered: 01/09/2019) |
| 01/11/2019 | | MINUTE ORDER granting in part the plaintiffs' 12 Motion to Lift Stay of Proceedings. The stay of all proceedings is hereby VACATED. As discussed during the telephonic status conference on January 8, 2019, the government shall file an opposition to the plaintiffs' motions for preliminary injunction on or before January 22, 2019, and the plaintiffs may file a reply on or before January 29, 2019. It is further ORDERED that the parties shall appear for a hearing on the plaintiffs' motions at 2:00 p.m. on February 6, 2019. Signed by Judge Dabney L. Friedrich on January 11, 2019. (lcdlf2) (Entered: 01/11/2019) |
| 01/11/2019 | | Set/Reset Deadlines/Hearings: Government's opposition to the plaintiffs' motions for preliminary injunction due by 1/22/2019. Plaintiff's reply due by 1/29/2019. Motion Hearing set for 2/6/2019 at 2:00 PM in Courtroom 12 before Judge Dabney L. Friedrich. (jl) (Entered: 01/11/2019) |
| 01/15/2019 | 14 | Consent MOTION for Leave to File Excess Pages *For Consolidated Brief in Opposition to Motions for Preliminary Injunction* by THOMAS E. BRANDON, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, UNITED STATES OF AMERICA, MATTHEW WHITAKER (Attachments: # 1 Text of Proposed Order)(Soskin, Eric) (Entered: 01/15/2019) |
| 01/15/2019 | | MINUTE ORDER granting the defendants' 14 Consent Motion for Enlargement of the Page Limit for Consolidated Opposition to Plaintiffs' Respective Motions for Preliminary Injunction. It is ORDERED that the defendants may file a consolidated brief in opposition to the pending motions for preliminary injunction not to exceed 75 pages in length. Signed by Judge Dabney L. |

| | | | |
|---|---|---|---|
| | | | Friedrich on January 15, 2019. (lcdlf2) (Entered: 01/15/2019) |
| 01/17/2019 | 15 | | AFFIDAVIT OF MAILING of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 01/17/19. (Goldstein, Thomas); Modified event on 1/24/2019 (tth). (Entered: 01/17/2019) |
| 01/22/2019 | 16 | | Memorandum in opposition to re 2 MOTION for Preliminary Injunction *and Motion for Preliminary Injunction Filed in Case No. 18−cv−3083 as Dkt. No. 2* filed by THOMAS E. BRANDON, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, UNITED STATES OF AMERICA, MATTHEW WHITAKER. (Attachments: # 1 Exhibit 1 − 2018 OLC Opinion)(Soskin, Eric) (Entered: 01/22/2019) |
| 01/28/2019 | 17 | | REPLY to opposition to motion re 2 MOTION for Preliminary Injunction *Only as to ECF 2 in Case No. 18−cv−3083* filed by FIREARMS POLICY COALITION, INC.. (Goldstein, Thomas) (Entered: 01/28/2019) |
| 01/28/2019 | 18 | | MOTION for Leave to File Amended Complaint *as to ECF 1 in Case No. 18−cv−3083* against All Defendants filed by FIREARMS POLICY COALITION, INC.. (Attachments: # 1 Amended Complaint, # 2 Amended Complaint Redline)(Goldstein, Thomas); Modified event on 1/29/2019 (tth). (Entered: 01/28/2019) |
| 01/29/2019 | 19 | | REPLY to opposition to motion re 2 MOTION for Preliminary Injunction *Only as to ECF 2 in Case No. 18−cv−2988* filed by FIREARMS POLICY FOUNDATION, FLORIDA CARRY, INC., DAMIEN GUEDES, MADISON SOCIETY FOUNDATION, INC., SHANE RODEN. (Prince, Joshua) (Entered: 01/29/2019) |
| 01/30/2019 | 20 | | ERRATA *CORRECTING NUMBERING* by FIREARMS POLICY FOUNDATION, FLORIDA CARRY, INC., DAMIEN GUEDES, MADISON SOCIETY FOUNDATION, INC., SHANE RODEN 9 Amended Complaint, filed by MADISON SOCIETY FOUNDATION, INC., FLORIDA CARRY, INC., SHANE RODEN, FIREARMS POLICY FOUNDATION, DAMIEN GUEDES. (Kraut, Adam) (Entered: 01/30/2019) |
| 02/05/2019 | 21 | | NOTICE of Appearance by Hashim M. Mooppan on behalf of All Defendants Associated Cases: 1:18−cv−02988−DLF, 1:18−cv−03083−DLF(Mooppan, Hashim) (Entered: 02/05/2019) |
| 02/06/2019 | | | Minute Entry for proceedings held before Judge Dabney L. Friedrich: Hearing held on 2/6/2019 re 2 Motion for Preliminary Injunction. Motion heard and taken under advisement. (Court Reporter: Sara Wick) (zcdw) (Entered: 02/07/2019) |
| 02/08/2019 | 22 | | Unopposed MOTION for Leave to File *Exhibits B and C to Plaintiffs' Amended Complaint and Motion for Preliminary Injunction* by FIREARMS POLICY FOUNDATION, FLORIDA CARRY, INC., DAMIEN GUEDES, MADISON SOCIETY FOUNDATION, INC., SHANE RODEN (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Text of Proposed Order)(Prince, Joshua). (Entered: 02/08/2019) |
| 02/13/2019 | 23 | | NOTICE OF SUPPLEMENTAL AUTHORITY by FIREARMS POLICY FOUNDATION, FLORIDA CARRY, INC., DAMIEN GUEDES, MADISON |

| | | | |
|---|---|---|---|
| | | | SOCIETY FOUNDATION, INC., SHANE RODEN (Prince, Joshua) (Entered: 02/13/2019) |
| 02/14/2019 | | | MINUTE ORDER. The parties shall file a joint status report by 3:00 p.m. tomorrow, February 15, 2019, that briefly addresses whether the confirmation of William P. Barr as Attorney General affects the pending motions in this case. Signed by Judge Dabney L. Friedrich on February 14, 2019. (lcdlf2) (Entered: 02/14/2019) |
| 02/15/2019 | 24 | | NOTICE of Appearance by Chetan A. Patil on behalf of THOMAS E. BRANDON, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, UNITED STATES OF AMERICA, MATTHEW WHITAKER (Patil, Chetan) (Entered: 02/15/2019) |
| 02/15/2019 | 25 | | Joint STATUS REPORT by THOMAS E. BRANDON, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, UNITED STATES OF AMERICA, MATTHEW WHITAKER. (Patil, Chetan) (Entered: 02/15/2019) |
| 02/25/2019 | | | MINUTE ORDER granting plaintiff Guedes's 22 Unopposed Motion to Supplement Amended Complaint and Motion for Preliminary Injunction. Signed by Judge Dabney L. Friedrich on February 25, 2019. (lcdlf2) (Entered: 02/25/2019) |
| 02/25/2019 | 26 | | ORDER denying the plaintiffs' motions for a preliminary injunction. See text for details. Signed by Judge Dabney L. Friedrich on February 25, 2019. (lcdlf2) (Entered: 02/25/2019) |
| 02/25/2019 | 27 | | MEMORANDUM OPINION regarding the plaintiffs' motions for a preliminary injunction. See text for details. Signed by Judge Dabney L. Friedrich on February 25, 2019. (lcdlf2) (Entered: 02/25/2019) |
| 02/25/2019 | | | MINUTE ORDER directing the parties to propose a schedule for further proceedings on or before March 18, 2019. Signed by Judge Dabney L. Friedrich on February 25, 2019. (lcdlf2) (Entered: 02/25/2019) |
| 02/25/2019 | 28 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 27 Memorandum & Opinion, 26 Order on Motion for Preliminary Injunction by FIREARMS POLICY FOUNDATION, FLORIDA CARRY, INC., DAMIEN GUEDES, MADISON SOCIETY FOUNDATION, INC., SHANE RODEN. Filing fee $ 505, receipt number 0090–5965917. Fee Status: Fee Paid. Parties have been notified. (Kraut, Adam) (Entered: 02/25/2019) |
| 02/25/2019 | 29 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 27 Memorandum & Opinion, 26 Order on Motion for Preliminary Injunction by FIREARMS POLICY COALITION, INC.. Filing fee $ 505, receipt number 0090–5965926. Fee Status: Fee Paid. Parties have been notified. (Goldstein, Thomas) (Entered: 02/25/2019) |
| 02/25/2019 | | | Set/Reset Deadlines/Hearings: Proposed schedule for further proceedings due by 3/18/2019. (zcdw) (Entered: 02/26/2019) |
| 02/25/2019 | 40 | | SUPPLEMENTAL MEMORANDUM re 9 Amended Complaint, 2 MOTION for Preliminary Injunction filed by FIREARMS POLICY FOUNDATION, FLORIDA CARRY, INC., DAMIEN GUEDES, MADISON SOCIETY FOUNDATION, INC., SHANE RODEN. (tth) (Entered: 04/08/2019) |

| 02/25/2019 | 42 | | SUPPLEMENTAL MEMORANDUM re 9 Amended Complaint, 2 MOTION for Preliminary Injunction filed by FIREARMS POLICY FOUNDATION, FLORIDA CARRY, INC., DAMIEN GUEDES, MADISON SOCIETY FOUNDATION, INC., SHANE RODEN. (tth) (Entered: 04/11/2019) |
|---|---|---|---|
| 02/26/2019 | 30 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 28 Notice of Appeal to DC Circuit Court. (tth) (Entered: 02/26/2019) |
| 02/26/2019 | 31 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 29 Notice of Appeal to DC Circuit Court. (tth) (Entered: 02/26/2019) |
| 02/26/2019 | 32 | | TRANSCRIPT OF PRELIMINARY INJUNCTION MOTION HEARING before Judge Dabney L. Friedrich, held on 2/6/2019. Page Numbers: 1–112. Date of Issuance: 2/26/2019. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporte r referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/19/2019. Redacted Transcript Deadline set for 3/29/2019. Release of Transcript Restriction set for 5/27/2019.(Wick, Sara) (Entered: 02/26/2019) |
| 02/26/2019 | | | USCA Case Number 19–5042 for 28 Notice of Appeal to DC Circuit Court, filed by MADISON SOCIETY FOUNDATION, INC., FLORIDA CARRY, INC., SHANE RODEN, FIREARMS POLICY FOUNDATION, DAMIEN GUEDES. (zrdj) (Entered: 02/28/2019) |
| 02/26/2019 | | | USCA Case Number 19–5043 for 29 Notice of Appeal to DC Circuit Court, filed by FIREARMS POLICY COALITION, INC. (zrdj) (Entered: 02/28/2019) |
| 03/18/2019 | 33 | | Joint MOTION for Extension of Time to *File Proposed Schedule* by FIREARMS POLICY COALITION, INC., FIREARMS POLICY FOUNDATION, FLORIDA CARRY, INC., DAMIEN GUEDES, MADISON SOCIETY FOUNDATION, INC., SHANE RODEN (Prince, Joshua) (Entered: 03/18/2019) |
| 03/18/2019 | | | MINUTE ORDER granting the parties' 33 Joint Motion for Extension of Time to File Proposed Schedule. Accordingly, it is ORDERED that the parties shall file a joint status report within three days of a decision by the D.C. Circuit Court of Appeals in the related appeal. The status report shall propose a schedule for |

| | | | |
|---|---|---|---|
| | | | further proceedings. Signed by Judge Dabney L. Friedrich on March 18, 2019. (lcdlf2) (Entered: 03/18/2019) |
| 03/23/2019 | 34 | | MANDATE of USCA as to (29 in 1:18–cv–02988–DLF) Notice of Appeal to DC Circuit Court, filed by FIREARMS POLICY COALITION, INC., (28 in 1:18–cv–02988–DLF) Notice of Appeal to DC Circuit Court, filed by MADISON SOCIETY FOUNDATION, INC., FLORIDA CARRY, INC., SHANE RODEN, FIREARMS POLICY FOUNDATION, DAMIEN GUEDES, (23 in 1:18–cv–03086–DLF) Notice of Appeal to DC Circuit Court, filed by SCOTT HEUMAN, OWEN MONROE, DAVID CODREA ; USCA Case Number 19–5042 Consolidated with 19–5043, 19–5044. (Attachments: # 1 USCA Order)(zrdj) (Entered: 03/27/2019) |
| 04/03/2019 | 35 | | Joint MOTION for Extension of Time to *File Proposed Schedule* by FIREARMS POLICY FOUNDATION, FLORIDA CARRY, INC., DAMIEN GUEDES, MADISON SOCIETY FOUNDATION, INC., SHANE RODEN (Prince, Joshua) (Entered: 04/03/2019) |
| 04/04/2019 | | | MINUTE ORDER granting the parties' 35 Joint Motion for Extension of Time to File Proposed Schedule. The parties shall file a joint status report proposing a schedule for further proceedings within three days of the conclusion of any subsequent proceedings on appeal or certiorari, whichever is later. Signed by Judge Dabney L. Friedrich on April 4, 2019. (lcdlf2) (Entered: 04/04/2019) |
| 04/04/2019 | 36 | | Joint STATUS REPORT by FIREARMS POLICY COALITION, INC.. (Goldstein, Thomas) (Entered: 04/04/2019) |
| 04/04/2019 | 37 | | Unopposed MOTION for Leave to File *Second Amended Complaint* by FIREARMS POLICY COALITION, INC. (Attachments: # 1 Appendix Second Amended Complaint, # 2 Appendix Second Amended Complaint (redline), # 3 Summons)(Goldstein, Thomas) (Entered: 04/04/2019) |
| 04/04/2019 | | | NOTICE OF ERROR re 36 Status Report; emailed to tgoldstein@goldsteinrussell.com, cc'd 9 associated attorneys –– The PDF file you docketed contained errors: 1. Please do not refile document. Future filings should include the caption for the lead case. (ztth, ) (Entered: 04/04/2019) |
| 04/04/2019 | | | NOTICE OF ERROR re 37 Motion for Leave to File; emailed to tgoldstein@goldsteinrussell.com, cc'd 9 associated attorneys –– The PDF file you docketed contained errors: 1. Please do not refile document. Future filings should include the caption for the lead case. (ztth, ) (Entered: 04/04/2019) |
| 04/05/2019 | 38 | | Consent MOTION to Withdraw 37 Unopposed MOTION for Leave to File *Second Amended Complaint* by FIREARMS POLICY COALITION, INC. (Goldstein, Thomas) (Entered: 04/05/2019) |
| 04/05/2019 | 39 | | Unopposed MOTION for Leave to File *Second Amended Complaint* by FIREARMS POLICY COALITION, INC. (Attachments: # 1 Proposed Second Amended Complaint (clean), # 2 Proposed Second Amended Complaint (redline), # 3 Summons)(Goldstein, Thomas) (Entered: 04/05/2019) |
| 04/05/2019 | 41 | | MANDATE of USCA as to (28 in 1:18–cv–02988–DLF) Notice of Appeal to DC Circuit Court, filed by MADISON SOCIETY FOUNDATION, INC., FLORIDA CARRY, INC., SHANE RODEN, FIREARMS POLICY FOUNDATION, DAMIEN GUEDES ; USCA Case Number 19–5042. |

| | | |
|---|---|---|
| | | (Attachments: # 1 USCA Judgment)Associated Cases: 1:18–cv–02988–DLF, 1:18–cv–03083–DLF(ztd) (Entered: 04/10/2019) |
| 05/07/2019 | 43 | Unopposed MOTION for Ruling on ECF Nos. 38 and 39 re 39 Unopposed MOTION for Leave to File *Second Amended Complaint*, 38 Consent MOTION to Withdraw 37 Unopposed MOTION for Leave to File *Second Amended Complaint* by FIREARMS POLICY COALITION, INC. (Attachments: # 1 Text of Proposed Order)(Goldstein, Thomas); Modified event on 5/8/2019 (tth). (Entered: 05/07/2019) |
| 05/07/2019 | | MINUTE ORDER. Before the Court is plaintiff Firearms Policy Coalition's 43 Unopposed Motion for Ruling on ECF Nos. 38 and 39; 39 Unopposed Motion for Leave to File Second Amended Complaint; 38 Consent Motion to Withdraw 37 Motion for Leave to File; and 37 Unopposed Motion for Leave to File Second Amended Complaint. The Court directs the parties, including plaintiff Damien Guedes, to file a joint status report on or before May 10, 2019 on the status of the appellate proceedings in this case and in Codrea v. Whitaker, No. 18–3086. It is further ORDERED that the Coalition's 43 Unopposed Motion for Ruling on ECF Nos. 38 and 39; 39 Unopposed Motion for Leave to File Second Amended Complaint; and 38 Consent Motion to Withdraw 37 Motion for Leave to File are GRANTED. As proposed in the Coalition's 43 Unopposed Motion for Ruling on ECF Nos. 38 and 39, the defendants shall file a response to the Second Amended Complaint on or before May 9, 2019. Signed by Judge Dabney L. Friedrich on May 7, 2019. (lcdlf2) (Entered: 05/07/2019) |
| 05/07/2019 | | Set/Reset Deadlines: Responses due by 5/9/2019 Status Report due by 5/10/2019 (tj) (Entered: 05/07/2019) |
| 05/09/2019 | 44 | AMENDED COMPLAINT *Second Amended Complaint* against All Defendants filed by FIREARMS POLICY COALITION, INC..(Goldstein, Thomas) (Entered: 05/09/2019) |
| 05/09/2019 | 45 | Joint STATUS REPORT by FIREARMS POLICY COALITION, INC.. (Goldstein, Thomas) (Entered: 05/09/2019) |
| 05/09/2019 | 46 | MOTION to Dismiss *Second Amended Complaint* by THOMAS E. BRANDON, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, UNITED STATES OF AMERICA, MATTHEW WHITAKER (Attachments: # 1 Text of Proposed Order)(Patil, Chetan) (Entered: 05/09/2019) |
| 05/23/2019 | 47 | Memorandum in opposition to re (46 in 1:18–cv–02988–DLF) MOTION to Dismiss *Second Amended Complaint* filed by FIREARMS POLICY COALITION, INC., FIREARMS POLICY COALITION, INC.. Associated Cases: 1:18–cv–02988–DLF, 1:18–cv–03083–DLF(Goldstein, Thomas) (Entered: 05/23/2019) |
| 05/24/2019 | 48 | Consent MOTION for Extension of Time to File Response/Reply as to 46 MOTION to Dismiss *Second Amended Complaint* by THOMAS E. BRANDON, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, UNITED STATES OF AMERICA, MATTHEW WHITAKER (Attachments: # 1 Text of Proposed Order)(Patil, Chetan) (Entered: 05/24/2019) |
| 05/28/2019 | | MINUTE ORDER granting the defendants' 48 Consent Motion for Extension of Time to File Reply in Support of Motion to Dismiss. The defendants shall file their reply on or before June 10, 2019. Signed by Judge Dabney L. Friedrich on |

| | | | |
|---|---|---|---|
| | | | May 28, 2019. (lcdlf2) (Entered: 05/28/2019) |
| 06/10/2019 | 49 | | REPLY to opposition to motion re 46 MOTION to Dismiss *Second Amended Complaint* filed by THOMAS E. BRANDON, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, UNITED STATES OF AMERICA, MATTHEW WHITAKER. (Patil, Chetan) (Entered: 06/10/2019) |
| 08/01/2019 | 50 | | NOTICE of Appearance by Rebecca Marie Cutri–Kohart on behalf of All Defendants (Cutri–Kohart, Rebecca) (Entered: 08/01/2019) |
| 10/31/2019 | 51 | | ORDER granting the defendants' 46 Motion to Dismiss the Firearms Policy Coalition, Inc.'s Second Amended Complaint. See text for details. Signed by Judge Dabney L. Friedrich on October 31, 2019. (lcdlf1) (Main Document 51 replaced on 11/5/2019) (zcal). (Entered: 10/31/2019) |
| 10/31/2019 | 52 | | MEMORANDUM OPINION regarding the defendants' 46 Motion to Dismiss the Firearms Policy Coalition, Inc.'s Second Amended Complaint. See text for details. Signed by Judge Dabney L. Friedrich on October 31, 2019. (lcdlf1) (Main Document 52 replaced on 11/5/2019) (zcal). (Entered: 10/31/2019) |
| 11/01/2019 | 53 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 52 Memorandum & Opinion, 51 Order on Motion to Dismiss by FIREARMS POLICY COALITION, INC.. Filing fee $ 505, receipt number ADCDC–6497528. Fee Status: Fee Paid. Parties have been notified. (Goldstein, Thomas) (Entered: 11/01/2019) |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Firearms Policy Coalition, Inc.,
                              *Plaintiff,*

            v.

William P. Barr, Attorney General, et al.,
                              *Defendants.*

Case No. 1:18-cv-03083-DLF
Lead Case No. 1:18-cv-02988-DLF

Judge Friedrich

## **NOTICE OF APPEAL**

Notice is hereby given that plaintiff Firearms Policy Coalition, Inc. hereby appeals to the

United States Court of Appeals for the District of Columbia Circuit from this Court's Order and

Memorandum entered on October 31, 2019, ECF Nos. 51 and 52, filed on Lead Docket 1:18-cv-

02988-DLF.

Dated:  November 1, 2019

Respectfully submitted,

By: /s/ Thomas C. Goldstein

Thomas C. Goldstein (Bar No. 458365)
TGoldstein@goldsteinrussell.com
Daniel Woofter (*Pro Hac Vice*)
DHWoofter@goldsteinrussell.com
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Avenue
Suite 850
Bethesda, MD 20814
(202) 362-0636

*Attorneys for Plaintiff Firearms Policy
Coalition, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FIREARMS POLICY COALITION, Inc., | |
| *Plaintiff*, | |
| v. | No. 18-cv-3083 (DLF) |
| | Lead case: No. 18-cv-2988 (DLF) |
| WILLIAM P. BARR, Attorney General, *et al.*, | |
| *Defendants*. | |

**ORDER**

For the reasons stated in the accompanying memorandum opinion, it is

**ORDERED** that the Defendants' Motion to Dismiss the Second Amended Complaint,

Dkt. 46, is **GRANTED**.


_____
DABNEY L. FRIEDRICH
United States District Judge

October 31, 2019

| | |
|---|---|
| FIREARMS POLICY COALITION, Inc., | |
| *Plaintiff*, | |
| v. | No. 18-cv-3083 (DLF) |
| | Lead case: No. 18-cv-2988 (DLF) |
| WILLIAM P. BARR, Attorney General, *et al.*, | |
| *Defendants.* | |

## MEMORANDUM OPINION

For a second time, Firearms Policy Coalition, Inc. attacks the Bureau of Alcohol, Tobacco, and Firearms rule that essentially banned bump stocks—firearm accessories that allow semiautomatic firearms to fire continuously with a single trigger pull. *See* Bump-Stock-Type Devices (Final Rule), 83 Fed. Reg. 66,514, 66,514–16 (Dec. 26, 2018). Earlier this year, the Coalition sought a preliminary injunction on the ground that then-Acting Attorney General Matthew G. Whitaker lacked authority to promulgate the rule. *See* Guedes's Compl. ¶¶ 1–6, No. 18-cv-2988, Dkt. 1. This Court denied the preliminary injunction, and the Coalition withdrew its appeal of that denial after William P. Barr became Attorney General and ratified the rule.

Through its latest complaint, the Coalition alleges that the government has an unlawful "policy" of using the Federal Vacancies Reform Act (FVRA), 5 U.S.C. § 3345 *et seq.*, to designate certain non-Senate confirmed federal employees to act as principal officers during a vacancy. Second Am. Compl. ¶¶ 1, 18–19, No. 18-cv-2988, Dkt. 44. It seeks injunctive and declaratory relief against this supposed policy. *Id.* ¶ 1. It also seeks a declaration that the bump stock rule injured the Coalition and its members by depriving them "of their right to alienate

their property" during the period between the rule's issuance on December 18, 2018 and its subsequent ratification by Attorney General Barr on March 14, 2019. *Id.* ¶¶ 2, 20–23. Before the Court is the government's Motion to Dismiss the Coalition's Second Amended Complaint, Dkt. 46. Because the Coalition lacks standing, the Court will grant the motion.

## I.    BACKGROUND

Both this Court and the D.C. Circuit have detailed the history of both the bump stock rule and this litigation. *See Guedes v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 356 F. Supp. 3d 109, 119–26 (D.D.C. 2019); *Guedes v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 920 F.3d 1, 6–10 (D.C. Cir. 2019). The Court will mention only those facts relevant to the government's motion to dismiss. In considering the motion, the Court accepts as true all material allegations in the complaint. *See, e.g.*, *Muir v. Navy Fed. Credit Union*, 529 F.3d 1100, 1105 (D.C. Cir. 2008); *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

### A.    Facts

When Attorney General Jefferson Sessions III resigned on November 7, 2018, "Deputy Attorney General Rod Rosenstein automatically became the Acting Attorney General by operation of law" under 28 U.S.C. § 508(a)—a succession statute specific to the Office of the Attorney General. Second Am. Compl. ¶ 12 (citing 28 U.S.C. § 508(a)). But a day later, President Trump invoked the FVRA to override this statute and "direct an employee, former Chief of Staff Matthew Whitaker, to perform the functions of the Attorney General." *Id.*

The FVRA provides that when a Senate-confirmed position becomes vacant, "the first assistant to the office of such officer shall perform the functions and duties of the office temporarily in an acting capacity." 5 U.S.C. § 3345(a). But the FVRA authorizes the President to override this default by designating either an officer or employee of the same agency (subject

2

to a few other requirements) or another Senate-confirmed official to serve temporarily in an acting capacity. *Id.*

The Coalition alleges that President Trump's decision to override the Attorney General-specific succession statute was consistent with "an explicit executive policy of using the FVRA to designate an employee like Mr. Whitaker as any officer, including a principal officer . . . even when": (1) "the principal officer's first assistant is available to serve"; and (2) "an office-specific designation statute automatically designated the first assistant to act during the absence or vacancy." Am. Compl. ¶ 13. The Coalition contends that the Office of Legal Counsel has authorized this policy since 2003, and that "President Trump has also expressed that he 'likes' using 'acting' Cabinet officers because he 'can move so quickly,' and using acting Cabinet officers gives him 'more flexibility.'" *Id.* ¶ 14 (alterations adopted) (quoting *Transcript: President Trump on "Face the Nation," February 3, 2019*, CBS News (Feb. 3, 2019), https://cbsn.ws/2U1LfBA).

In his role as Acting Attorney General, Whitaker issued the bump stock rule that allegedly harmed both the Coalition and its members. *See* Second Am. Compl. ¶ 15; 83 Fed. Reg. at 66,554. William Barr was then confirmed as Attorney General on February 15, 2019. *See* 165 Cong. Rec. S1397 (daily ed. Feb 14, 2019). And on March 14, 2019, Attorney General Barr ratified the rule. *See* Bump-Stock-Type Devices, 84 Fed. Reg. 9,239 (Mar. 14, 2019).

### B. Procedural History

In December 2018, the Coalition, along with several other plaintiffs in related actions, sued to enjoin the bump stock rule. *See* Guedes's Compl.; Codrea's Compl., No. 18-cv-3086, Dkt. 1. In the three actions that were later consolidated, the plaintiffs moved for preliminary injunctive relief on the grounds that: (1) the rule violated the Administrative Procedure Act

(APA) and 18 U.S.C. § 926(b); (2) ATF violated the Takings Clause; and (3) Whitaker lacked authority to promulgate the bump stock rule. *See Guedes*, 356 F. Supp. 3d at 120–21. This Court denied the motions. *See id.* at 155. It concluded that the plaintiffs were "unlikely to succeed on the merits of their administrate law challenges; preliminary injunctive relief [was] not available for [the] Takings Clause challenge; and the plaintiffs [were] unlikely to succeed on the merits of their statutory and constitutional challenges to the authority of then-Acting Attorney General Whitaker." *Id.* at 128.

The plaintiffs appealed to the D.C. Circuit. *See Guedes*, 920 F.3d at 10. But "[w]hile the appeal was pending, Attorney General Barr ratified and individually endorsed the final Bump-Stock Rule." *Id.* The D.C. Circuit granted the Coalition's post-argument request to dismiss its appeal voluntarily. *Id.* But another group of plaintiffs pursued the same substantive challenges to Whitaker's authority that the Coalition had alleged in its first complaint. *Id.* at 10–11. As to those plaintiffs, the D.C. Circuit affirmed this Court's denial of a preliminary injunction. *Id.* at 35. On the challenge to Whitaker's authority, it held that Barr's ratification of the rule had cured any alleged defects from Whitaker's designation as Acting Attorney General. *See id.* at 12–13.

A month or so later, the Coalition returned to this Court and filed a Second Amended Complaint, alleging two variations on its prior challenge. First, it seeks declaratory and injunctive relief against an alleged "explicit executive policy of using the FVRA to designate an employee like Mr. Whitaker as any officer, including a principal officer, and even when the principal officer's first assistant is available to serve and an office-specific designation statute automatically designated the first assistant to act during the absence or vacancy." Second Am. Compl. ¶ 13; *see also id.* ¶¶ 18–19, 24–27. Second, the Coalition asks for a declaration that the Final Rule "caused [the Coalition] and its members harm from [its] inception, because it

4

deprived [the Coalition] and its members of their property right to alienate their bump stocks from the day it was signed, and . . . Whitaker was not constitutionally or statutorily authorized to issue the Final Rule on December 18, 2018." *Id.* ¶ 21. According to the Coalition, Barr's ratification of the rule did not "cure th[is] harm that [the Coalition] and its members already suffered during the period between . . . Whitaker's unconstitutional and unlawful issuance of the Final Rule on December 18, 2018, and . . . Barr's ratification on March 14, 2019." *Id.* ¶ 23. In other words, the Coalition seeks a pronouncement that the rule was unlawful for a time, between its promulgation and ratification.

## II. LEGAL STANDARD

A federal court must dismiss a complaint whenever it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1), (h)(3). The party invoking federal jurisdiction—here, the Coalition—bears the burden of establishing subject matter jurisdiction, including its standing to sue. *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016). At the pleading stage, a court must "accept all of the factual allegations in the complaint as true," *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (alteration adopted and internal quotation marks omitted), and construe the complaint "with sufficient liberality to afford all possible inferences favorable to the pleader on the allegations of fact," *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). But "in resolving a 12(b)(1) motion" as opposed to a "12(b)(6) motion for failure to state a claim," factual allegations "will bear closer scrutiny." *Wright v. Foreign Serv. Griev. Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal quotation marks and citation omitted).

## III. ANALYSIS

The federal judicial power extends only to "Cases" and "Controversies." U.S. Const. art.

III, § 2; *see, e.g.*, *Spokeo*, 136 S. Ct. at 1547.  The familiar doctrine of standing "gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'"  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  It "serves to prevent the judicial process from being used to usurp the powers of the political branches and confines the federal courts to a properly judicial role."  *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks and citations omitted).

As the party seeking to invoke federal jurisdiction, the Coalition "bears the burden" of establishing this "irreducible constitutional minimum" of standing.  *Id.*  In particular, it must demonstrate that it has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.*  To survive a motion to dismiss, "the plaintiff must clearly allege facts demonstrating each element."  *Id.* (alteration adopted and internal quotation marks omitted).  And because "standing is not dispensed in gross," the plaintiff must "demonstrate standing for each claim he seeks to press and for each form of relief that is sought."  *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (internal quotation marks omitted).

Because the Coalition has not met its burden, the Court will dismiss its Second Amended Complaint.  *See* Fed. R. Civ. P. 12(b)(1), (h)(3).  First, the Court rejects the Coalition's invitation to "forgo addressing standing and to enter judgment against [the Coalition] on the merits."  Pl.'s Opp'n at 5, No. 18-cv-2988, Dkt. 47.  Second, it concludes that the Coalition lacks standing to challenge the alleged FVRA policy because its theory of injury rests on a tenuous chain of impermissible speculation and assumption.  Third, it determines that the Coalition fails to show that a declaratory judgment in its favor would redress its restriction-on-alienation claim.

### A.    The Need to Determine Standing

In all but the rarest of cases, "[f]ederal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam). That is because "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (internal quotation marks omitted). As the Supreme Court has explained, "[f]or a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." *Id.* at 101–02; *see also Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 510 (D.C. Cir. 2018) (a court must establish rather than assume it has jurisdiction before addressing the merits); *Forras v. Rauf*, 812 F.3d 1102, 1105 (D.C. Cir. 2016) (same).

The one narrow, discretionary exception to this rule does not apply. This *Steel Co.* exception permits courts to bypass a jurisdictional question only in "peculiar circumstances" not present here. *Steel Co.*, 523 U.S. at 99. *First*, a court may bypass a jurisdictional question only when "the merits decision [is] 'foreordained' by precedent." *Sherrod v. Breitbart*, 720 F.3d 932, 937 (D.C. Cir. 2013) (internal quotation marks omitted). This Court's prior decision denying a preliminary injunction does not constitute binding precedent because it was an interlocutory ruling, not a final judgment. And even if it was a final judgment, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (internal quotation marks omitted). *Second*, the Coalition's challenge does not present any "difficult and perhaps close" jurisdictional questions. *Sherrod*, 720 F.3d at 937

(internal quotation marks omitted); *cf. Lemma v. Hispanic Nat'l Bar Ass'n*, 318 F. Supp. 3d 21, 24 (D.D.C. 2018). As will be discussed, both of the Coalition's standing theories are plainly foreclosed by Supreme Court precedent.

Even if the exception could apply here, neither the Supreme Court nor the D.C. Circuit has suggested that a Court must apply it. To the contrary, the *Steel Co.* exception appears to be discretionary. The D.C. Circuit has explained that courts are "free" to invoke the exception where appropriate. *Emory v. United Air Lines, Inc.*, 720 F.3d 915, 920 (D.C. Cir. 2013) (alterations adopted and internal quotation marks omitted). This "narrow set of circumstances" is merely one "in which a court *could* decide the cause of action before resolving Article III jurisdiction." *Id.* (alteration adopted, emphasis added, and internal quotation marks omitted). The Second Circuit has likewise said that a court "*may* dispose of the case on the merits without addressing a novel question of jurisdiction." *Ctr. for Reprod. Law and Policy v. Bush*, 304 F.3d 183, 195 (2d Cir. 2002) (emphasis added). It makes little sense to apply the exception here because doing so would not serve "judicial economy by achieving greater finality in the disposition of the case." *Lemma*, 318 F. Supp. 3d at 24–25 (declining to apply the exception).

## B. The Coalition's Standing to Challenge the Alleged FVRA Policy

The Coalition lacks standing to challenge the alleged FVRA policy because they fail to identify an actual or sufficiently imminent injury resulting from the policy. Injury in fact is the "'first and foremost' of standing's three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Steel Co.*, 523 U.S. at 103) (alteration adopted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). And when a plaintiff rests its "claims for declaratory and injunctive relief on predicted future

8

injury, [it] bears a more rigorous burden to establish standing." *Arpaio v. Obama*, 797 F.3d 11, 21 (D.C. Cir. 2015) (internal quotation marks and citations omitted). "'Allegations of *possible* future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Instead, the "threatened injury must be *certainly impending* to constitute injury in fact." *Id.* (internal quotation marks omitted).

Far from certainly impending, the Coalition's supposed future injury from the alleged FVRA policy—that some future invalidly designated officer will promulgate other gun-control measures that affect the Coalition or its members—is fraught with "quixotic speculation." *Guedes*, 920 F.3d at 15 (finding the case moot in part because of the "quixotic speculation" necessary for this "legal injury to recur"); *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009). The Court rejects the notion that the Coalition (or its members) "face a realistic *probability* of injury from [purportedly] invalid officers like Mr. Whitaker promulgating *further* gun-control measures." Coalition's Opp'n at 7 (emphases added). That hypothetical injury depends on a tenuous chain of uncertain events, including that: (1) there would be an "absence or vacancy" in an undetermined office requiring Presidential appointment and Senate confirmation, Second Am. Compl. ¶ 13; (2) the vacant office would be subject to "an office-specific designation statute" that "automatically designate[s]" an individual "to act during the absence or vacancy," *id.*; (3) the "first assistant" designated by the office-specific statute would be "available to serve," *id.*; (4) the President would replace the designated individual and invoke his discretionary authority under the FVRA to temporarily appoint another unspecified acting officer; (5) the acting officer would possess the statutory authority to promulgate gun-control regulations; (6) the unknown acting officer would in fact exercise his or her discretion to issue a regulation affecting guns; and (7) "by sheer coincidence, that rule would . . . adversely affect [the

Coalition's or its members'] legal rights," *Guedes*, 920 F.3d at 15. This is precisely the type of "reli[ance] on a highly attenuated chain of possibilities" that the standing inquiry proscribes. *Clapper*, 568 U.S. at 410; *see also Arpaio*, 797 F.3d at 21 (holding that "[w]hen considering any chain of allegations for standing purposes, [a court] may reject as overly speculative those links which are predictions of future events (especially future actions to be taken by third parties)"). "While it is certainly possible" that all of these events occur as the Coalition envisions, "that speculation does not suffice." *Summers*, 555 U.S. at 499.

The Coalition responds that in the current administration, there is a "high rate of turnover" in "high-level positions," Coalition's Opp'n at 9, and that President Trump has a "proclivity for using 'acting' officers because he 'can move so quickly.'" *Id.* at 10 (quoting *Transcript: President Trump on "Face the Nation," February 3, 2019*, CBS News (Feb. 3, 2019), https://cbsn.ws/2U1LfBA). Thus, in the Coalition's view, "it is highly likely that another invalidly acting official will soon be in a position to issue regulations that affect [it] or its members." *Id.* at 10. But again, it is uncertain when or in what circumstances any particular vacancy may occur—if at all. And "in the absence of clear markers—such as proposed rules or agency pronouncements—the Court should avoid speculating about how governmental entities 'will exercise their discretion.'" *Pub. Citizen, Inc. v. Trump*, 297 F. Supp. 3d 6, 22–23 (D.D.C. 2018) (quoting *Clapper*, 568 U.S. at 412).

Moreover, the Coalition has not identified any specific member that would suffer from some "imminent and concrete harm." *Summers*, 555 U.S. at 495. The Coalition instead highlights that it "has hundreds of thousands of members and supporters across the United States." Second Am. Compl. ¶ 6. From this, it contends that "'[g]iven the organization's large membership' it is 'reasonable to infer that at least one member will suffer injury-in-fact.'" Pl's

10

Opp'n at 8 (quoting *Util. Air Regulatory Grp. v. EPA*, 471 F.3d 1333, 1339 (D.C. Cir. 2006)).

But the Supreme Court has already rejected such reliance on "a statistical probability that some

of [an organization's] members would be threatened with concrete injury" at some unknown

point in the future. *Summers*, 555 U.S. at 497. "This novel approach to the law of organizational

standing would make a mockery of [the Court's] prior cases, which have required plaintiff-

organizations to make *specific* allegations establishing that at least one identified member had

suffered or would suffer harm." *Id.* at 498 (emphasis added); *see also Lujan*, 504 U.S. at 566.

Nor has the Coalition established actual or imminent injury in its own right. The

Coalition says that it has standing because it will be forced to expend resources to respond to the

alleged executive policy. Coalition's Opp'n at 8–9. This argument too is unavailing. For one,

the Coalition still must "show that the defendant's actions cause a concrete and demonstrable

injury to the organization's activities that is more than simply a setback to the organization's

abstract social interests." *Elec. Privacy Info. Ctr. v. United States DOC*, 928 F.3d 95, 100–01

(D.C. Cir. 2019) (internal quotation marks omitted). Yet as already described, the injury that the

Coalition alleges is not concrete—it is abstract speculation. Any purported injury is based on a

hypothetical vacancy in a hypothetical office wherein a hypothetical acting officer promulgates

some hypothetical future regulation.

And even if the Coalition will divert some unidentified resources to counteract these

future regulations arising from the alleged policy, such diversion does not give rise to a

cognizable injury because "this particular harm is self-inflicted." *Fair Emp't Council of Greater

Wash. v. BMC Mktg. Corp.*, 28 F.3d 1268, 1276 (D.C. Cir. 1994). That is, "it results not from

any actions taken by [the defendants], but rather from the [Coalition]'s own budgetary choices."

*Id.*; *see also Am. Soc'y for Prevention of Cruelty to Animals v. Feld Entm't, Inc.*, 659 F.3d 13, 25

11

(D.C. Cir. 2011) ("[A]n organization's diversion of resources to litigation or to investigation in anticipation of litigation is considered a 'self-inflicted' budgetary choice that cannot qualify as an injury in fact for purposes of standing."). The Coalition "cannot manufacture standing by choosing to make expenditures based on hypothetical future harm that is not certainly impending." *Clapper*, 568 U.S. at 402.

The Coalition's theory of "injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that [courts] have refused to countenance in the past." *Lance*, 549 U.S. at 442. By the Coalition's logic, the alleged FVRA policy could apply to any hypothetical office subject to presidential appointment and Senate confirmation, which might be filled by any number of hypothetical acting officers, who might promulgate any hypothetical regulation, that might adversely impact any hypothetical citizen in the United States. Such a theory is "inconsistent with the 'framework of Article III' because 'the impact on [the Coalition] is plainly undifferentiated and 'common to all members of the public.'" *Lujan*, 504 U.S. at 575 (alteration adopted) (quoting *United States v. Richardson*, 418 U.S. 166, 171, 176–77 (1974)). In other words, the Coalition does not allege anything uniquely pervasive or injurious about future gun-control regulations issued within this purported policy. Nor does it suggest that this nebulous policy is confined in such a way that the Coalition's asserted harm is no longer "shared in substantially equal measure by all or a large class of citizens." *Warth*, 422 U.S. at 499. The Court will therefore dismiss the Coalition's FVRA-policy claim for lack of standing.

### C. The Coalition's Standing to Challenge the Past Validity of the Bump Stock Rule

The Coalition's restriction-on-alienation claim fares no better. "In a case of this sort, where the plaintiffs seek declaratory and injunctive relief, past injuries alone are insufficient to

establish standing." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011); *see City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Rather, a plaintiff must adequately plead that it "is suffering an ongoing injury or faces an immediate threat of injury." *Dearth*, 641 F.3d at 501. This requirement "ensures that the lawsuit does not entail the issuance of an advisory opinion without the possibility of any judicial relief." *Lyons*, 461 U.S. at 129.

The Coalition asks this Court for a pronouncement that for a time in the past the bump stock rule was briefly unlawful and that Barr's ratification did not cure any harm to those members who were unable to alienate their bump stocks during that period. *See* Second Am. Compl. ¶¶ 20–23. The Court need not address the merits of this claim. A case must "be presented in the context of a specific live grievance." *Golden v. Zwickler*, 394 U.S. 103, 110 (1969). "This is as true of declaratory judgments as any other field." *Id.* at 108 (internal quotation marks and citation omitted). And so even if the Coalition were correct on the merits, the past injury it alleges is insufficient to confer standing. *See, e.g.*, *Dearth*, 641 F.3d at 501; *Lujan*, 504 U.S. at 561; *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43 (1976). That is because the requested declaratory judgment would not enable the Coalition to obtain redress for its inability to sell bump stocks during the period between the Rule's issuance and its ratification. The Coalition seeks an abstract and advisory judicial pronouncement that some unlawful action occurred in the past. The standing inquiry demands more.

The Court therefore agrees with the government that the Coalition "lacks standing to seek declaratory relief because it would do nothing to redress the purported injury it suffered prior to the Rule's ratification." Defs.' Mot. to Dismiss at 15. Indeed, the Coalition does not even appear to contest this point in its response. It merely cites to *Petworth Holdings, LLC v. Bowser*, 308 F. Supp. 3d 347 (D.D.C. 2018), for the unremarkable proposition that a restriction on

13

alienation can be "'sufficient for the purposes of alleging' an Article III injury." Coalition's Opp'n at 18 (quoting *Petworth*, 308 F. Supp. 3d at 356). Such a bare assertion of harm fails to show how a declaratory judgment by this Court could redress the past alleged injury. *See Lujan*, 504 U.S. at 561; *see also Vietnam Veterans of Am. & Veterans of Modern Warfare v. Shinseki*, 599 F.3d 654, 658 (D.C. Cir. 2010) (noting that injury in fact and redressability are "separate element[s]" of the standing inquiry).

The Coalition also fails to allege specific facts that any of its members ever attempted or even considered alienating a bump stock. *Cf. Petworth*, 308 F. Supp. 3d at 351 ("Plaintiffs made a decision to sell the Property and solicited bids from potential purchasers and developers."). Instead, it once more speculates that due to the organization's large membership, "it is a fair inference . . . that at least one of its members would have sold a bump stock during the relevant period but for the Rule." Coalition's Opp'n at 18–19. But "[w]hen a petitioner claims associational standing, it is not enough to aver that unidentified members have been injured." *Chamber of Commerce v. EPA*, 642 F.3d 192, 199 (D.C. Cir. 2011). *See also Conference of State Bank Supervisors v. Office of the Comptroller of the Currency*, 313 F. Supp. 3d 285, 298–99 (D.D.C. 2018). Unless "*all* the members of the organization are affected by the challenged activity," a court cannot dispense with the "requirement of naming the affected members . . . in light of statistical probabilities." *Summers*, 555 U.S. at 498–99. The Coalition's conjecture is thus insufficient to support associational standing. It does not allege that all of its members are affected by the bump stock rule. Nor does it specifically identify any member who suffered from the alleged harm. As with the FVRA-policy claim, the Court will dismiss the Coalition's restriction-on-alienation claim for lack of subject matter jurisdiction.

14

# CONCLUSION

For the foregoing reasons, the Court grants the Defendants' Motion to Dismiss the Second Amended Complaint for lack of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

_Dabney L. Friedrich_
DABNEY L. FRIEDRICH
United States District Judge

October 31, 2019