**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAMIEN GUEDES,<br>                    *et al.*<br><br><br>                Plaintiffs,<br><br>        v.<br><br>BUREAU OF ALCOHOL, TOBACCO<br>FIREARMS, AND EXPLOSIVES,<br>                    *et al.*<br><br><br>                Defendants. | Case No.  1:18-cv-02988-DLF<br>The Hon. Judge Friedrich |

## <u>DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT</u>

Defendants William P. Barr, Attorney General of the United States, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Regina Lombardo, Acting Director of ATF[1], and the United States of America through their undersigned counsel, hereby answer Plaintiffs' Complaint and set forth affirmative defenses as follows:

### INTRODUCTION

1.      As to the first sentence, admit.  As to the second sentence, admit that the Executive Branch may not enact legislation; otherwise, deny, including to deny that the Executive Branch lacks authority to interpret statutes.

2.      Admit that paragraph 2 correctly quotes the cited provisions of the Constitution; otherwise, deny.

---

[1] By operation of Fed. R. Civ. P. 25(d), Acting Director Lombardo has been automatically substituted for former Acting Director Thomas E. Brandon as a defendant in this action.

3.      The first sentence of Paragraph 3 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent a response is required, deny.  As to the second sentence, admit that this paragraph correctly quotes the Rule challenged in this action; otherwise, deny.

4.      This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that Defendants have changed their interpretation of the application of the definition of "machinegun" to bump-stock-type devices.  Otherwise, deny.

5.      Admit that Plaintiffs have correctly quoted the cited source; otherwise deny.

6.      Deny.

7.      Deny.

**PARTIES**

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.      Admit, except to deny the allegation "ostensible."

15.     Admit.

16.     Admit as to Defendant Lombardo; deny as to former Director Brandon, who is no longer the Acting Director of ATF or a defendant in this action.

17.     Admit.

## JURISDICTION AND VENUE

18.     Admit.

19.     Admit, except to deny that the Administrative Procedure Act contains a grant of jurisdiction.

20.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that the cited statutes authorize costs and attorney fees in certain circumstances; but deny that such circumstances apply in this action and further deny that Plaintiffs are entitled to costs and attorney fees.

21.     Admit.

## STATEMENT OF FACTS COMMON TO ALL DEFENDANTS

*Publication of the ANPRM*

22.     Admit that December 26, 2017, ATF published the cited Advance Notice of Proposed Rulemaking ("ANPRM") in the Federal Register; otherwise, deny.

23.     Admit.

24.     Admit.

25.     Admit.

26.     As to the first sentence, admit that plaintiffs correctly quote the Rule; otherwise, deny.  Admit the second and third sentences.  Deny the fourth sentence.

27.     Admit.

28.     Admit that the Rule contains the quoted language; otherwise, deny, including to deny Plaintiff's assembly and characterization of the quoted text.

29.     Admit the first sentence.  Admit the second sentence, except as to the last sentence of footnote 1, Defendants lack knowledge or information sufficient to form a belief as to the truth of the matter asserted.  As to the third sentence, admit that Plaintiff FPF noted its objections, otherwise deny.  As to footnote 2, admit that Defendants received 193,297 comments; otherwise, deny.

30.     Admit, except to deny Plaintiffs' characterization of the Rule's effect as "purportedly."

31.     Admit.

32.     Admit.

33.     Admit.

34.     Admit.

35.     Admit that the Rule modified the definition of "machinegun" set forth in 27 C.F.R. § 447.11 as set forth in this paragraph.

36.     Admit that the Rule modified the definition of "machinegun" set forth in 27 C.F.R. § 478.11 as set forth in this paragraph.

37.     Admit that the Rule modified the definition of "machinegun" set forth in 27 C.F.R. § 479.11 as set forth in this paragraph.

38.     Deny.

39.     Admit.

40.     Deny.

40a.[2]   Admit the first two sentences.  Deny the third sentence.

40b.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the matter asserted.

40c.   Admit that no oral hearing regarding the Rule was held; otherwise, deny.

41.   Deny.

42.   Admit.

43.   Deny.

44.   Deny.

45.   Deny.

46.   Admit that the cited article is available at the link provided; otherwise, deny.

47.   Admit the first sentence; otherwise, deny.

48.   Admit that paragraph 48 correctly quotes the Rule; otherwise, deny.

49.   Deny.

50.   This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit the first sentence; otherwise, deny.

51.   This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

52.   This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

53.   Admit.

54.   Admit.

---

[2] The Second Amended Complaint contains three paragraphs numbered "25," "26," and "27," located after paragraph 40 and before paragraph 41.  For purposes of maintaining paragraph numbering in this answer that corresponds to the Second Amended Complaint Defendants refer to those paragraphs as "40a," "40b," and "40c."

55.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

56.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

## STATEMENT OF FACTS CONCERNING PLAINTIFF GUEDES

57.     Defendants lack knowledge of information sufficient to form a belief as to the truth of the matter asserted.

58.     Admit that Mr. Guedes turned in a bump stock to ATF; otherwise, Defendants lack knowledge of information sufficient to form a belief as to the truth of the matter asserted.

59.     Admit.

## STATEMENT OF FACTS CONCERNING PLAINTIFF RODEN

60.     Admit.

61.     Defendants lack knowledge of information sufficient to form a belief as to the truth of the matter asserted.

62.     Defendants lack knowledge of information sufficient to form a belief as to the truth of the matter asserted.

63.     Defendants lack knowledge of information sufficient to form a belief as to the truth of the matter asserted.

64.     Defendants lack knowledge of information sufficient to form a belief as to the truth of the matter asserted.

## STATEMENT OF FACTS CONCERNING PLAINTIFF FPF

65.     Admit that FPF turned in a bump stock to ATF; otherwise, Defendants lack knowledge of information sufficient to form a belief as to the truth of the matter asserted, or, to the extent this paragraph contains legal conclusions, Defendants deny.

## COUNT I

66.     This paragraph constitutes "incorporat[ion]" of the "foregoing paragraphs," to which no response is required.  To the extent a response is required, Defendants hereby incorporate their own responses to the corresponding paragraphs.

67.     Admit that paragraph 67 quotes the cited source.  Deny that the validity of the Rule turns on the applicability of *Chevron*.

68.     Admit.

69.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that paragraph 69 correctly quotes the cited case; otherwise, deny.

70.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that paragraph 70 correctly quotes the cited case; otherwise, deny.

71.     Admit that this paragraph correctly quotes the Administrative Procedure Act.  Deny that Plaintiffs are entitled to the relief described, or to any relief whatsoever.

72.     Deny.

73.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that paragraph 73 correctly quotes the cited statutes; otherwise, deny.

74.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

75.     Admit that this paragraph correctly quotes the Administrative Procedure Act.  Deny that Plaintiffs are entitled to the relief described, or to any relief whatsoever.

76.     Admit that this paragraph correctly quotes the Administrative Procedure Act.  Deny that Plaintiffs are entitled to the relief described, or to any relief whatsoever.

77.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that paragraph 77 correctly quotes the cited statutes; otherwise, deny.

78.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that paragraph 78 correctly quotes the cited sources; otherwise, deny.

79.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

80.     Admit.

81.     Admit.

82.     Admit.

83.     Admit.

84.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

85.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

86.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that Defendants do not seek the application of *Chevron* deference to this case; otherwise, deny.

87.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

88.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that paragraph 88 correctly quotes the cited case; otherwise, deny.

89.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

90.     Admit that this paragraph correctly quotes the Administrative Procedure Act.  Deny that Plaintiffs are entitled to relief under the Administrative Procedure Act, or to any relief whatsoever.

91.     Admit that this paragraph correctly quotes the Administrative Procedure Act.  Deny that Plaintiffs are entitled to relief under the Administrative Procedure Act, or to any relief whatsoever.

92.     Admit.

93.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

94.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that paragraph 94 correctly quotes the cited sources; otherwise, deny.

95.     Admit that this paragraph correctly quotes the cited source; otherwise, deny.

96.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that paragraph 96 correctly quotes the cited sources; otherwise, deny.

97.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

98.     Deny, including to deny the legal conclusion that the former ATF officials cited in this paragraph constitute "experts" for the purpose of this litigation and that the cited writings constitute an "expert report."

99.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that the exhibits described are part of the administrative record through Plaintiff FPF's comment to the NPRM and that paragraph 99 correctly quotes the Rule; otherwise, deny.

100.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that paragraph 100 correctly quotes the cited source; otherwise, deny.

101.    Admit that paragraph 101 correctly quotes the cited source; otherwise, deny.

102.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

103.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit the first sentence; otherwise, deny.

104.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

105.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

106.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

107.    Admit that this paragraph correctly quotes the Administrative Procedure Act.  Deny that Plaintiffs are entitled to relief under the Administrative Procedure Act, or to any relief whatsoever.

108.    Admit that this paragraph correctly quotes the Administrative Procedure Act.  Deny that Plaintiffs are entitled to relief under the Administrative Procedure Act, or to any relief whatsoever.

109.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny, except to admit the first sentence of footnote 16.

110.    Admit.

111.    Admit.

112.    Admit.

113.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

114.    Admit that this paragraph correctly quotes the Administrative Procedure Act.  Deny that Plaintiffs are entitled to relief under the Administrative Procedure Act, or to any relief whatsoever.

115.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit.

116.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

117.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

118.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

119.    Admit.

120.    Deny.

121.    Admit that this paragraph correctly quotes the Administrative Procedure Act. Deny that Plaintiffs are entitled to relief under the Administrative Procedure Act, or to any relief whatsoever.

122.    Admit.

123.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, deny.

124.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, deny.

125.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, deny.

## COUNT II

126.    This paragraph constitutes "incorporat[ion]" of the "foregoing paragraphs," to which no response is required. To the extent a response is required, Defendants hereby incorporate their own responses to the corresponding paragraphs.

127.    Admit.

128.    Admit.

129.    Admit.

130.    Admit.

131.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, deny.

132.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, deny.

133.    This paragraph sets forth a legal conclusion, to which no response is required. To the extent a response is required, deny.

134.    Admit.

135.    Admit.

136.    Admit that paragraph 136 correctly quotes the cited source; otherwise, deny that Defendants have violated the cited principle or any other provision of law here.

137.    Admit that paragraph 137 correctly quotes the cited source; otherwise, deny that Defendants have violated the cited principle or any other provision of law here.

138.    Admit that paragraph 138 correctly quotes the cited source; otherwise, deny that Defendants have violated the cited principle or any other provision of law here.

139.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

140.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

141.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

142.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

143.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

144.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

145.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

146.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

## COUNT III

147.    This paragraph constitutes "incorporat[ion]" of the "foregoing paragraphs," to which no response is required.  To the extent a response is required, Defendants hereby incorporate their own responses to the corresponding paragraphs.

148.    Admit.

149.    Admit.

150.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

151.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

152.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

153.    Admit that the paragraph 153 correctly quotes the cited source.  Deny that Defendants have violated the cited legal principle, or any other provision of law, here

154.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

155.    Admit that paragraph 155 correctly quotes the cited source; otherwise, deny that Defendants have violated the cited principle or any other provision of law here.

156.    Admit that paragraph 156 correctly quotes the cited source; otherwise, deny that Defendants have violated the cited principle or any other provision of law here.

157.    Admit that paragraph 157 correctly quotes the cited source; otherwise, deny that Defendants have violated the cited principle or any other provision of law here.

158.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

14

159.     Admit that paragraph 159 correctly quotes the cited sources; otherwise, deny that Defendants have violated the cited principle or any other provision of law here, including to specifically deny that Defendant's actions have affected a taking without compensation in violation of the Fifth Amendment.

160.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that this paragraph correctly quotes the Rule, otherwise, deny.

161.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that this paragraph correctly quotes the Rule, otherwise, deny.

162.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

163.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

**COUNT IV**

164.     This paragraph constitutes "incorporat[ion]" of the "foregoing paragraphs," to which no response is required.  To the extent a response is required, Defendants hereby incorporate their own responses to the corresponding paragraphs.

165.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that this paragraph correctly quotes 26 U.S.C. 7805(b) and that ATF Rule 82-8 did not apply a reclassification retroactively; otherwise, deny.

166.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.

**COUNT V**

167.     This paragraph constitutes "incorporat[ion]" of the "foregoing paragraphs," to which no response is required.  To the extent a response is required, Defendants hereby incorporate their own responses to the corresponding paragraphs.

168.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit.

169.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that this paragraph correctly quotes the NPRM; otherwise, deny.

170.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, admit that this paragraph correctly quotes the NPRM; otherwise, deny.

171.     This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, deny.


The remainder of the Second Amended Complaint comprises Plaintiffs' prayer for relief, to which no specific responses are required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

Defendants hereby specifically deny each and every allegation in the Complaint not expressly admitted or denied in this Answer, or to which it has responded that it has insufficient information to admit or deny.


## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. The Final Rule is supported by substantial evidence and is neither arbitrary, capricious, nor an abuse of discretion and, therefore, should be affirmed on the administrative record.

3. Defendants' actions did not, and do not, violate the United States Constitution, art. I, art. II, the Fifth Amendment, the Administrative Procedure Act, the Internal Revenue Code, or any other law.

4. Defendants' actions and positions were and are substantially justified within the meaning of the Equal Access to Justice Act.

5. This action is not an action or proceeding for the return of firearms or ammunition seized, or otherwise eligible for costs or attorney fees, within the meaning of 18 U.S.C. § 924, or an action under the Freedom of Information Act for which attorney fees or costs may be awarded.

Defendants reserve the right to raise any of the affirmative defenses set forth in Federal Rule of Civil Procedure 8 should facts become known that support those defenses. Defendants further reserve the right to prepare and plead any and all defenses which may become applicable during the course of this litigation.

WHEREFORE, having fully answered, Defendants respectfully state that:

1. This Court should enter judgment for Defendants and dismiss this action with prejudice; and

2. Defendants should be granted such further relief as the Court may deem just and proper.

DATED this 28th day of May, 2020.

17

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

MATTHEW J. GLOVER
Counsel


/s/ Eric J. Soskin
ERIC J. SOSKIN (PA Bar #200663)
Senior Trial Counsel
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW Rm. 12002
Washington, DC 20530
Telephone: (202) 353-0533
Fax: (202) 616-8470
Email: Eric.Soskin@usdoj.gov
Counsel for Defendants