## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAMIEN GUEDES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-02988-DLF |
| | ) | The Hon. Judge Friedrich |
| BUREAU OF ALCOHOL, | ) | |
| TOBACCO, FIREARMS AND | ) | |
| EXPLOSIVES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| DAVID CODREA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Case No. 1:18-cv-03086-DLF |
| v. | ) | The Hon. Judge Friedrich |
| | ) | |
| BUREAU OF ALCOHOL, | ) | |
| TOBACCO, FIREARMS AND | ) | |
| EXPLOSIVES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## PLAINTIFFS' RESPONSE TO
## <u>DEFENDANTS' STATEMENT OF FACTS PURSUANT TO LCvR 7(h)92</u>

1.      Not in dispute.

2.      Not in dispute as to facts; neither material nor a fact as to

characterizations of ATF's legal responsibilities as set forth in statues.

3.      Not in dispute.

4.      Not in dispute.

5.      Not in dispute.

6.      The hearings speak for themselves as to what was said; the relevance of

selective legislative history is in dispute.

7.      The Report speaks for itself as to what was said; the relevance of selective

legislative history is in dispute.

8.      Not in dispute.

9.      The Report speaks for itself; the accuracy and relevance of selective

legislative history as reflecting intent of an act is in dispute.

10.      Not in dispute about the timing of the enactments or the contents of

public laws.

11.      Not in dispute.

12.      The Report speaks for itself; the accuracy and relevance of selective

legislative history as reflecting intent of an act is in dispute.

13.     The Report speaks for itself; the accuracy and relevance of selective

legislative history as reflecting intent of an act is in dispute.

14.     Not in dispute.

15.     Not in dispute.

16.     Not in dispute.

17.     Not in dispute.

18.     Not in dispute.

19.     Not in dispute.

20.     Not in dispute.

21.      Not in dispute.

22.     Not in dispute except as to phraseology and incompleteness.  A more

fulsome description is contained in the Vasquez Declaration and other sources in the

record.  The differences in wording may or may not be material depending on the

briefing and argument.

23.     The phraseology is in dispute, though not the essential facts of bump-

firing.

24.     There is a dispute as to whether a bump stock it in fact makes it easier to

bump-fire as compared to certain other methods; there is no dispute that such may be

the intent for some purchasers.

25.    There is a dispute as to whether "the weapon" slides, whether it "frees" the weapon relative to a standard stock that can also move back and forth in a predetermined path when bump firing using other techniques, and whether it in fact assists all shooters.  There is no dispute that such assistance may be perceived or true for at least some shooters.

26.    There is a dispute about their specific intent, as that may vary across manufacturers.  Some may have had that laudable intent.

27.    There is a dispute whether that is the most effective manner possible for all people.

28.    Plaintiffs dispute the use of the adverb "automatically" as it involves an inaccurate legal conclusion rather than a fact.

29.    Not in dispute.

30.    Not in dispute.

31.    Not in dispute.

32.    Not in dispute.

33.    Not in dispute.

34.    Not in dispute.

35.    Not in dispute.

36.    Not in dispute that ATF made that statement.

37.    Not in dispute.

38.     Not in dispute.

39.     Not in dispute.

40.     Not in dispute.

41.     Not in dispute.

42.     Not in dispute that such statement was made; the accuracy and relevance

of that statement is disputable.

43.     Not in dispute.

44.     Not in dispute.

45.     Not in dispute that the manufacturer said that.  The accuracy of that

statement is in dispute and it is in fact wrong.

46.     Not in dispute.

47.     Not in dispute that such firearms were found.  There is a dispute, or at

least a lack of information, whether they were in fact used in the shooting.

48.     Not in dispute.

49.     Not in dispute.

50.     Not in dispute.

51.     Not in dispute.

52.     Not in dispute.

53.     Not in dispute.

54.     Not in dispute that such an instruction was issued; it is disputed whether that was the sole instruction or whether that instruction was countermanded through communications not in the record, as suggested by other public statements bny the President.

55.     Not in dispute.

56.     Not in dispute.

57.     Not in dispute.

58.     Not in dispute.

59.     Not in dispute that they mentioned some of his involvement.  It is disputed whether they mentioned all of his involvement or interference in the rulemaking process.

60.     Not in dispute that the Rule purports to do so.

61.     Not in dispute.

62.     Not in dispute.

63.     Not in dispute.

64.     Not in dispute.

65.     Not in material dispute.

66.     Not in material dispute, but the sources speak for themselves, as do other sources relating to the legal meaning of words.

67.     Disputed that such is the common or relevant meaning of the word.

68.     The fact of testimony is a matter of record; its relevance is in dispute.

69.     The Report speaks for itself; the accuracy and relevance of selective legislative history as reflecting intent of an act is in dispute.

70.     In dispute as to the accuracy of the description, which contains an incomplete description or misleading wording.

71.     In dispute as to the phrasing of multiple portions of the statement; which are attempts to draw legal conclusions, not accurately describe facts.

72.     In dispute as it requires a conscious effort and coordinated manual input to continue firing and no effort to cease firing a bump stock.

73.     False.

74.     Not in dispute that some at ATF claimed to enjoy the graphic.  Accuracy and completeness are in dispute.

75.     Not in dispute that a commentator made that comment; accuracy of the comment is in dispute as different people may react differently hence such a broad conclusion lacks a basis.

76.     Not in dispute that a commentator made that comment; accuracy of the comment is in dispute as different people may react differently hence such a broad conclusion lacks a basis.

77.     Phraseology in dispute as to the word "load" as opposed to "chamber."

78.     Not in dispute accept it is incomplete to the extent it implies a release is always a conscious act of the operator.

79.     Not in dispute.

80.     Not in dispute that the Rule purported to do so.  Highly disputed whether it succeeded.

81.     Not in dispute.

82.     Not in dispute.

83.     Not in dispute.

84.     Not in dispute.

85.     Not in dispute.

86.     The text speaks for itself.

87.     Not in dispute that such a comment was submitted.

88.     Not in dispute that such a comment was submitted.

89.     Not in dispute that such a comment was submitted; it is disputed whether bump stocks "simulate" machine gun fire.

90.     Not in dispute that such a comment was submitted.

91.     Not in dispute that such a comment was submitted; the characterization of bump-stocks is disputed.

92.     Not in dispute.

93.     Not in dispute.

94.    Not in dispute.

95.    Not in dispute.

96.    Not in dispute.

97.    Not in dispute that such a comment was submitted.

98.    Not in dispute that such a comment was submitted.

99.    Not in dispute that such a comment was submitted; the characterization

therein is misleading.

100.   Not in dispute that such a comment was submitted.

101.   Not in dispute that such a comment was submitted.

102.   Not in dispute that such a comment was submitted.

103.   Not in dispute that such a comment was submitted.

104.   Not in dispute that such a comment was submitted.

105.   Not in dispute that such a comment was submitted.

106.   Not in dispute that such a comment was submitted.

107.   Not in dispute that such a comment was submitted.

108.   Not in dispute that such a comment was submitted.

109.   Not in dispute that such a comment was submitted.

110.   Not in dispute that such a comment was submitted.

111.   Not in dispute that such a comment was submitted.

112.   Not in dispute that such a comment was submitted.

113.   Not in dispute that such a comment was submitted.

114.   Not in dispute that such a comment was submitted.

115.   Not in dispute that such a comment was submitted.

116.   Not in dispute that such a comment was submitted.

117.   Not in dispute that such a comment was submitted.

118.   Not in dispute that such a comment was submitted.

119.   Not in dispute that such a comment was submitted.

120.   Not in dispute that such a comment was submitted.

Respectfully Submitted,

 /s/ Joshua Prince
Joshua Prince
D.D.C. Bar No. PA0081
Joshua@princelaw.com

/s/ Adam Kraut
Adam Kraut
D.D.C. Bar No. PA0080
AKraut@princelaw.com

Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803 (t)
*Counsel for Guedes Plaintiffs*

Stephen D. Stamboulieh
D.D.C. Bar No. MS0009
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS 39130
(601) 852-3440
stephen@sdslaw.us

Alan Alexander Beck
D.D.C. Bar No. HI001
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA 92123
(615) 905-9105
alan.alexander.beck@gmail.com

*Counsel for Codrea Plaintiffs*

Erik S. Jaffe
D.C. Bar No. 440112
Schaerr | Jaffe LLP
1717 K Street NW
Suite 900
Washington, DC 20006
202-787-1060 (t)
ejaffe@schaerr-jaffe.com

*Of Counsel*

## CERTIFICATE OF SERVICE

I, Adam Kraut, hereby certify that I have filed with the Clerk of this Court, a true and correct copy of the foregoing document or pleading, utilizing this Court's CM/ECF system, which generated a Notice and delivered a copy of this document or pleading to all counsel of record.


Dated: June 26th, 2020.


*/s/ Adam Kraut*
Adam Kraut